Robert BUTLER, W. Thomas Gaither, et al.,  Plaintiffs-Appellees,

v.

The ALABAMA JUDICIAL INQUIRY COMMISSION, Randall L. Cole, in his official capacity, Defendants-Appellants.

No. 00-14137.

United States Court of Appeals,

Eleventh Circuit.

Aug. 15, 2001.

Appeal from the United States District Court for the Middle District of Alabama. (No. 00-00976-CV-D-N), Ira De Ment, Judge.

Before EDMONDSON, HILL and GIBSON*, Circuit Judges.

EDMONDSON, Circuit Judge:

This case returns to our court after we certified some questions to the Alabama Supreme Court. *See Butler v. Alabama Judicial Inquiry Comm.,* 245 F.3d 1257 (11th Cir.2001) (*Butler I*).  Based on the Alabama Supreme Court's response to the certified questions, we conclude that some of the claims are moot and that the district court should have abstained from deciding the remaining claims.

I. Background

Justice Harold F. See, Jr., a member of the Supreme Court of Alabama, challenged in federal court the constitutionality of two canons of the Alabama Canons of Judicial Ethics under which he had been charged.  On appeal from the grant of a preliminary injunction against the Alabama Judicial Inquiry Committee ("JIC"), we considered the JIC's request that the federal courts abstain—under *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971)—from ruling on the federal constitutional issues.

We were unable to determine with certainty whether Alabama procedural law provided an adequate state forum in which Justice See could raise his constitutional objections.  So, we certified questions to the Supreme Court of Alabama, asking for their assistance to help us understand Alabama procedural law.  We noted that the state supreme court also could "remedy federal constitutional defects, if any, that it may find in the judicial canons challenged by Justice See." *Butler I,* 245 F.3d at 1266 n. 9.

*Honorable John R. Gibson, U.S. Circuit Judge for the Eighth Circuit, sitting by designation.

The Supreme Court of Alabama consented to the certification and responded quickly, addressing the federal constitutional issues raised by Justice See. *See Butler v. Alabama Judicial Inquiry Comm'n,* --- So.2d ---- (Ala.2001)(*Butler II*). The state court concluded that Canon 7B(2) was facially unconstitutional because it was "not narrowly tailored to serve the state's compelling interest in protecting the integrity of the judiciary." *Id.* at ----. The state court also narrowed Canon 7B(2) to apply only to dissemination of "demonstrably false information concerning a judicial candidate or an opponent 'with actual malice.' " *Id.* at ---- (quoting *New York Times Co. v. Sullivan,* 376 U.S. 254, 84 S.Ct. 710, 726, 11 L.Ed.2d 686 (1964)). In addition, the state court concluded that Canon 2A did not apply to "a candidate's conduct with reference to speech by the candidate or the unrepudiated statement of an aide." *Id.* at ----.

Because the Alabama Supreme Court addressed some of Justice See's constitutional objections to the challenged canons, the state court deemed two of the certified questions moot and declined to answer the third certified question. As part of a dissenting opinion, Justice Houston responded directly to our certified questions.

In the light of the Alabama Supreme Court's response to our certified questions, we ordered the parties to submit supplemental briefing on the issue of mootness. Our order also required the parties "to confer and to consider the practical implications of the Alabama Supreme Court's decision, including the option of a consensual dismissal." The parties conferred but did not agree to consensual dismissal of the federal case.

## II. Mootness

In considering the constitutionality of the challenged ethics canons, the Alabama Supreme Court effectively amended portions of the pertinent ethics canons. "Where a law is amended so as to remove its challenged features, the claim for injunctive relief becomes moot as to those features." *Naturist Soc'y, Inc. v. Fillyaw,* 958 F.2d 1515, 1520 (11th Cir.1992). In *Fillyaw,* we concluded that the case was not entirely moot—even though the challenged regulations were amended in part—because other "challenged aspects of [the regulatory] scheme remain[ed] essentially as they were before the amendments." *Id.*

We likewise conclude that, in this case, the Alabama Supreme Court's changes to the pertinent

judicial canons mooted some (but not all) of Justice See's federal challenges.[1]

A.

In Count One of the federal complaint, Justice See asserted a facial challenge to Canon 7B(2). The Alabama Supreme Court, however, "narrow[ed] Canon 7B(2) to provide that a candidate for judicial office shall not disseminate demonstrably false information concerning a judicial candidate or an opponent with actual malice—that is, with knowledge that it [is] false or with reckless disregard of whether it [is] false or not."[2] *Butler II,* --- So.2d at ---- (quoting *New York Times Co. v. Sullivan,* 376 U.S. 254, 280, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964)). This change in Canon 7B(2) effectively eliminated from the Canon the second clause—which prohibited true material—but left intact the first clause of Canon 7B(2) to mirror the standard articulated in *Sullivan.* And our review of the record indicates to us that counsel for Justice See conceded that the first clause of Canon 7B(2) was facially constitutional.[3] So, Count One of Justice See's complaint (challenging the second clause of Canon 7B(2) as facially unconstitutional) is moot.

B.

In counts two and four, Justice See asserted as-applied challenges to Canon 7B(2). In count two, Justice See alleged that the Canon precluded a candidate like him "from making factual misstatements during the course of a political campaign when the judicial candidate is unaware of an inaccuracy." In count four, Justice See alleged that the Canon precluded him "from making truthful statements or from making statements that he believes to be truthful during the course of a political campaign."

Despite the Alabama Supreme Court's decision interpreting and modifying the pertinent canons, the

---

[1]We are reviewing Justice See's federal complaint for mootness. Some of the charges pending against Justice See at the Alabama Court of the Judiciary may or may not be moot. That determination is one for the Court of the Judiciary to make.

[2]Before the Alabama Supreme Court's narrowing of Canon 7B(2), the Canon said that candidates for judicial office shall not:

> Post, publish, broadcast, transmit, circulate, or distribute false information concerning a judicial candidate or an opponent, either knowing the information to be false or with reckless disregard of whether the information is false; or post, publish, broadcast, transmit, circulate, or distribute true information about a judicial candidate or an opponent that would be deceiving or misleading to a reasonable person.

[3]At the hearing on Justice See's motion for a preliminary injunction and the JIC's motion to dismiss, the district judge asked Justice See's counsel if he "argue[d] with [the first clause] of the canon." Counsel responded "No." R. 2-30.

charges against Justice See based on Canon 7B(2) remain pending in the Alabama Court of the Judiciary.[4] And Justice See maintains his federal constitutional objections to the JIC charges;  he says that applying Canon 7B(2), as narrowed by the Alabama Supreme Court, to truthful statements made by Justice See's campaign violates the First Amendment.  Therefore, a "live" case or controversy exists on Justice See's as-applied challenges to Canon 7B(2).

C.

In count three, Justice See asserted an as-applied challenge to Canon 2A. The Alabama Supreme Court interpreted Canon 2A as inapplicable to the conduct alleged by the JIC in its complaint against Justice See. So, Justice See's challenge to Canon 2A is moot.

D.

In count five, Justice See challenged section 6.19 of Alabama Constitutional Amendment No. 328 as applied to him.  Section 6.19 disqualifies a judge from acting as judge when a complaint is filed against him by the JIC. The Alabama Supreme Court declined to answer the certified question about section 6.19 and provided us with no interpretation or insight about this state constitutional provision.  Because the JIC's complaint against Justice See remains pending with the Alabama Court of the Judiciary, Justice See remains subject to disqualification.  Justice See claims that the threat of disqualification for engaging in political speech violates the First Amendment.  Thus, count five is not moot.

III. <em>Younger</em> abstention

While the Alabama Supreme Court's opinion did help us to understand better the pertinent judicial canons, the state opinion does not address the procedural questions:  questions we had asked about whether an adequate opportunity to raise constitutional challenges exists in the ongoing state proceeding.  In *Butler I,* we contemplated that the Alabama Supreme Court might not answer our questions and explained that we would rule on the abstention issue without the benefit of the state court's insight, if necessary.  245 F.3d at 1266.  We place no significance on the fact that the Alabama Supreme Court chose not to respond directly to our questions.  That high court did its duty as it saw it;  now, we must do our duty.

In *Butler I,* we said that "Justice See bears the burden to establish that the state procedures are *inadequate.*"  245 F.3d at 1262 (emphasis in original).  We said "[m]inimal respect for the state processes,

---

[4]We recognize that the JIC has been enjoined, by a federal district judge, from proceeding with the state charges against Justice See. Thus, the JIC has not had the opportunity to amend its complaint, if it chose to do so, in the light of the Alabama Supreme Court's ruling.

of course, precludes any *presumption* that the state courts will not safeguard federal constitutional rights."
*Id.* (emphasis in original) (*quoting Middlesex County Ethics Comm. v. Garden State Bar Assoc.,* 457 U.S.
423, 102 S.Ct. 2515, 2521, 73 L.Ed.2d 116 (1982)). So, we start with the belief that state courts are
commonly able to address federal constitutional challenges adequately. The federal plaintiff, having failed
to raise his federal claims in the ongoing state proceeding, must overcome this premise by demonstrating
inadequate state remedies. Justice See has failed to satisfy his burden in this case.

In our earlier opinion, we set out some ways in which we thought Alabama procedural law might
allow Justice See to raise his federal constitutional objections in the state court proceeding. *Butler I,* 245 F.3d
at 1263-64. Justice Houston, the only Alabama Supreme Court justice to answer directly our certified
questions, has confirmed that, at least in his view, federal constitutional objections can be raised and decided
in a Court of the Judiciary proceeding. *See Butler II,* --- F.3d at ---- (Houston, J. dissenting). We recognize
Judge Houston's views were delivered in a dissent, in which no other justice joined; therefore, his views
create no binding interpretation of Alabama law and might not represent a majority of the Alabama Supreme
Court's understanding of state procedural law. Nonetheless, his observations about Alabama procedural law
were not contested by other Justices. And as a member of the state's highest court, which is charged with
promulgating the rules of procedure, *see* Ala.Code § 12-2-7(4), Justice Houston's reasoned opinion
corroborates our view that an adequate state forum likely exists. Neither the parties nor a majority of the
Alabama Supreme Court has given us additional reasons to doubt the availability of state methods of redress.[5]

Without authoritative guidance from the Alabama Supreme Court, we do not know for certain that
these procedures—suggested by us in *Butler I* and by Justice Houston in his dissent—will be available to
Justice See. But, in the interest of comity and federalism, we err—if we err at all—on the side of abstaining.[6]

---

[5]Justice See, citing *Ex parte Smith,* 683 So.2d 431 (Ala.1996), argues that because the Court of the
Judiciary includes lay members, who are deemed incompetent to adjudicate First Amendment questions
under Alabama law, the Court of Judiciary could not consider constitutional challenges. We think *Smith*
is not persuasive, because the administrative review panel in *Smith* is too different from the Court of the
Judiciary.

[6]*Younger* abstention often involves a level of uncertainty. Because the federal plaintiff decided to
proceed in federal court instead of raising the federal issues in the ongoing state proceeding, sometimes
we do not know, for certain, how the state court would have responded to the federal issues if properly
raised in the state court by that particular federal plaintiff. *See Pennzoil Co. v. Texaco, Inc.,* 481 U.S. 1,
107 S.Ct. 1519, 1528, 95 L.Ed.2d 1 (1987) (internal citation omitted) ("We cannot assume that state
judges will interpret ambiguities in state procedural law to bar presentation of federal claims.
Accordingly, when a litigant has not attempted to present his federal claims in related state-court
proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the
absence of unambiguous authority to the contrary.").

Abstention is appropriate here, in part, because the Alabama Supreme Court's speedy and competent response dispels some of the district court's concerns about not abstaining.[7] *See Middlesex,* 102 S.Ct. at 2523 (noting that federal court may consider subsequent developments in state court when making *Younger* determination). The state court's quick response in addressing the difficult federal constitutional questions, instead of answering our procedural questions so that we could decide whether to consider the constitutional issues, also indicates, to us, that the state court has an interest in and is capable of quickly resolving constitutional challenges to state judicial canons.

Based on these facts, we conclude that Justice See has failed to establish that state procedures could not adequately address his federal constitutional challenges.[8] As a result, *Younger* abstention is appropriate here, and the district court erred in not granting the JIC's motion to dismiss.

Therefore, we VACATE the district court's preliminary injunction and REMAND with instructions to dismiss the federal action.

---

[7]We understand that, in this particular case, the Alabama Supreme Court considered Justice See's federal constitutional issues only after Justice See came to federal court and after we certified questions to the state court. But this procedural route does not preclude the existence of other procedural routes that may exist in state court without federal court interference.

[8]Justice See also argues that even if adequate state proceedings exist, abstention is inappropriate upon a showing of irreparable injury. We rejected that argument in *Butler I* and will say nothing more about it here. *See Butler I,* 245 F.3d at 1264-65.