[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 28, 2005
THOMAS K. KAHN
CLERK

No. 04-13251
Non-Argument Calendar
_____

D.C. Docket No. 04-00068-CV-4-RH-WCS

JOHN QUINTIN SHULER,

Plaintiff-Appellant,

versus

BETTY MEREDITH,
JANN TUCKER PETTWAY, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court for the
Northern District of Florida

_____

**(July 28, 2005)**

Before ANDERSON, BIRCH and BLACK, Circuit Judges.

PER CURIAM:

John Quintin Shuler, a pro se prisoner, appeals the district court's order

dismissing his complaint alleging 42 U.S.C. § 1983, 1985, and 1986 violations.

Because (1) Shuler conceded that there were ongoing state court proceedings, and the state court has an important interest in child custody matters, (2) Shuler failed to demonstrate that the state court could not adequately address his constitutional claims, and (3) the district court has broad discretion to manage its cases, the district court did not err in dismissing Shuler's complaint and denying his motion for a temporary restraining order. Accordingly, we AFFIRM.

## I. BACKGROUND

Shuler, a state court prisoner, filed a pro se complaint alleging violations of 42 U.S.C. §§ 1983 and 1985. The record also indicates that Shuler did not request to proceed in forma pauperis and paid the filing fee for filing his complaint. The district court then conducted a frivolity review under 28 U.S.C. § 1915A. The district court instructed Shuler to file an amended complaint that (1) indicated whether the state court proceedings were ongoing and whether he had been able to present his constitutional claims in those proceedings, (2) alleged facts that the defendant's acts, under color of state law, deprived him of a right, privilege, or immunity protected by the Constitution or federal law, and (3) clearly identified the constitutional right he believed was violated and the facts supporting his assertion.

2

Shuler subsequently filed an amended complaint against the defendants. Specifically, Shuler claimed that the Department of Family and Children Services ("DCF") and certain individual defendants, denied him due process when they failed to notify him and allow him to participate in, several state court proceedings, shelter placements, case plans, and judicial review hearings related to the placement of his three minor children in foster case after their mother died, in addition to the proceedings to terminate his parental rights. Shuler also claimed that certain government caseworkers knowingly and voluntarily gave materially false information in the above official proceedings, which violated his due process rights.

The district court determined that, under the doctrine set forth in <u>Younger v. Harris</u>, 401 U.S. 37, 91 S.Ct. 746 (1971), the federal district court should abstain from considering Shuler's contentions that his, and his three minor children's, constitutional rights were violated in the state court child placement and dependency proceedings because (1) the state proceedings in Shuler's case were ongoing, (2) the State of Florida had an interest in dependency proceedings, protecting children in foster care, and terminating parental rights where appropriate, and (3) Shuler had the opportunity to bring all of his claims in state court. Shuler timely appealed.

3

## II. **DISCUSSION**

On appeal, Shuler asserts that the district court abused its discretion in (1) dismissing his complaint without considering and addressing the merits of his claims or allowing him to conduct discovery on his issues, and (2) dismissing his complaint before it ruled on his pending motion for a temporary restraining order and preliminary injunction relating to the state-court dependency proceedings.[1]

**A.      Whether the District Court Abused its Discretion by Dismissing Shuler's Complaint Without Addressing the Merits of his Claim**

Shuler maintains that, although his claims met the first and second prongs of Younger, they do not meet the third prong because he brought his constitutional deprivations before the state court, and the state court allowed the custody proceedings to continue despite their knowledge of the constitutional deprivations. Shuler further contends that the district court erred in not allowing him the opportunity to conduct discovery in order to prove his claims against DCF. The

---

[1] Although the district court erred in dismissing Shuler's complaint under 28 U.S.C. § 1915(e)(2) because (1) 28 U.S.C. § 1915(e)(2) concerns a district court's review of complaints filed by prisoners proceeding in forma pauperis, and (2) Shuler paid the filing fee for filing his complaint and is not proceeding in forma pauperis, Shuler never raised this argument in district court or on appeal; thus, he has waived this claim. See Rowe v. Schreiber, 139 F.3d 1381, 1382 n.1 (11th Cir. 1998) (holding that issues not argued on appeal are deemed waived). Even if Shuler had not waived this claim, because the standards set forth in § 1915(e)(2) and § 1915A(b)(1) are the same, we would still affirm. See Turlington v. Atlanta Gas Light Co., 135 F.3d 1428, 1433 n.9 (11th Cir. 1998) (recognizing that we may affirm the district court's decision for reasons other than those noted by the district court).

4

remainder of Shuler's brief concerns the merits of his claims as he set forth in his complaint. Shuler never argued that the district judge erred in denying his complaint under § 1915(e)(2), and not under § 1915A,which he should have done.

We review a district court's abstention decision for abuse of discretion. 31 Foster Children v. Bush, 329 F.3d 1255, 1274 (11th Cir.), cert. denied, 540 U.S. 984, 124 S. Ct. 483 (2003). Under the Younger doctrine, a federal court should abstain from hearing a case when (1) the proceedings constitute an ongoing state judicial proceeding, (2) the proceedings implicate important state interests, and (3) the plaintiff has an adequate opportunity to raise his constitutional challenges in the state-court proceedings. Middlesex County Ethics Comm'n. v. Garden State Bar Ass'n, 457 U.S. 423, 432, 102 S.Ct. 2515, 2521 (1982). Regarding the third prong of the Younger analysis, a federal court "'should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary.'" 31 Foster Children, 329 F.3d at 1279 (citation omitted). Plaintiffs can overcome this initial presumption only by demonstrating that the state court remedies are inadequate. Id. We have observed that a state court in dependency proceedings can act to protect children within its jurisdiction, thus, the state court remedies are generally adequate. Id. at 1279-80. We have also found that state courts can generally adequately address federal constitutional

5

claims.  Butler v. Alabama Judicial Inquiry Comm'n, 261 F.3d 1154, 1159 (11th Cir. 2001).

The district court did not abuse its discretion in dismissing Shuler's complaint under the Younger doctrine.  Because Shuler conceded in his brief on appeal that the first two prongs of the Younger analysis are met, the only issue before us is whether Shuler had an adequate opportunity to raise his constitutional claims in the state-court proceedings.  Although Shuler claims that the state courts cannot and did not adequately address his claims, the only evidence that he cites is an order from the state court.  According to Shuler, the order states that the state court denied his constitutional claims and required him to seek relief from the federal court.  However, the part of the order that Shuler provided only states that the state court would proceed with the termination proceedings until it heard otherwise from the federal court.  The order does not indicate that (1) it denied Shuler any relief, (2) Shuler ever raised constitutional claims in the state court, or (3) it was denying Shuler's constitutional claims and ordering him to proceed to federal court.  Moreover, there is no evidence in the record that Shuler ever asserted his constitutional claims in the state court or that the state court either refused to hear his constitutional claims or that it denied his constitutional claims.  Therefore, Shuler failed to demonstrate that he did not have an adequate

6

opportunity to raise his claims in the state court or that the state court's remedies were inadequate. Middlesex, 457 U.S. at 432, 102 S.Ct. at 2521; 31 Foster Children, 329 F.3d at 1279-80; Butler, 261 F.3d at 1159.

Before the district court allows discovery to proceed or ultimately reaches a determination on the merits of a prisoner's claim, it conducts a frivolity review. If the court determines that the complaint is frivolous or fails to state a claim upon which relief could be granted, it can dismiss the complaint. 28 U.S.C. § 1915A(b)(1). Therefore, because the district court determined that Shuler's claim was frivolous or that he failed to state a claim upon which relief could be granted, the district court did not err in dismissing Shuler's complaint without allowing discovery or considering the merits of his claims.

**B.  Whether the District Court Abused its Discretion by Dismissing Shuler's Complaint While a Motion for a Temporary Restraining Order and Preliminary Injunction was Pending**

We have stated that district courts enjoy broad discretion in deciding how best to manage the cases before them. Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1366 (11th Cir. 1997). An abuse of that discretion occurs only when the litigant's rights are materially prejudiced by the court's mismanagement of a case. Id. at 1367.

Despite his contentions, Shuler's argument that the district court improperly denied his motion for a temporary restraining order after it dismissed his case is without merit. First, Shuler does not dispute the district court's decision to deny his motion, but only argues that the court denied it in the improper order. However, a district court has broad discretion in deciding how to manage its cases. See Chudasama, 123 F.3d at 1366. Moreover, Shuler never arguably demonstrated in his brief how his rights were materially prejudiced by the district court's denying the motion after dismissing the case. Although he claims that, had the district court reviewed his motion, it would have seen the state court order denying "the [p]laintiff relief and required him to seek relief in the form of a [f]ederal [c]ourt order," the document he provided with his motion does not indicate that the state court denied him any sort of relief. Appellant's Br. at 4. The portion of the state court order only indicates that the termination proceeding against Shuler would continue unless the state court received an order from the federal court requiring otherwise. Therefore, Shuler failed to demonstrate how his rights were materially prejudiced by the district court denying his motion after dismissing his complaint.

### III.  <u>CONCLUSION</u>

For the foregoing reasons we find that the district court properly dismissed Shuler's complaint, albeit for reasons other than those stated, in part, by that court. Accordingly, the dismissal is **AFFIRMED.**