175 So.2d 460

## LOCAL 1264, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS et al.

v.

## BROADCAST SERVICE OF MOBILE, INC.

1 Div. 250.

Supreme Court of Alabama.

May 20, 1965.

**30**

Pierre Pelham, Mobile, and Adair, Goldthwaite, Stanford & Daniel, Atlanta, Ga., for appellants.

Geo. E. Stone, Jr., and Kilborn, Darby & Kilborn, Mobile, for appellee.

GOODWYN, Justice.

Appellee filed in the circuit court of Mobile County, in equity, a bill to enjoin appellants from picketing, and seeking to effect a boycott against, appellee. Damages resulting from the picketing and boycotting are also sought. A temporary injunction was granted. After a hearing, the injunction was dissolved and the cause dismissed on the ground that the National Labor Management Relations Act, as amended, had preempted the jurisdiction of the state court. From that decree appellee appealed here. This court reversed and remanded, with directions that the temporary restraining order be reinstated. See: Broadcast Service of Mobile, Inc. v. Local 1264, International Brotherhood of Electrical Workers, Ala., 19 So.2d 452. As directed, the trial court reinstated the temporary injunction.

Appellants took an appeal to the United States Supreme Court from the decision reversing and remanding the cause. Pending a decision by that court, the trial court, on March 6, 1964, rendered a decree awarding appellee damages of $2,580.40 and making the injunction permanent. The present appeal, taken on August 28, 1964, is from that decree. Submission was had here on April 6, 1965.

■■■ On March 15, 1965, the United States Supreme Court reversed the judgment of this court (which had reversed the trial court) on the ground that " 'due regard for the federal enactment requires that state jurisdiction must yield.' " Radio and Television Broadcast Technicians Local Union 1264, etc., et al. v. Broadcast Service of Mobile, Inc., 85 S.Ct. 876, 1964. This decision requires reinstatement of the trial court's decree holding it was without

jurisdiction of the cause and dismissing it. Therefore, the trial court was without jurisdiction to render its decree of March 6, 1964, which is now before us for review. The appeal must be dismissed. See: City of Guntersville v. Miller, 271 Ala. 687, 127 So.2d 606.

Appeal dismissed.

LIVINGSTON, C. J., and LAWSON and COLEMAN, JJ., concur.