This is an appeal by a police officer of the City of Northport from a judgment of the *Page 757 
circuit court sustaining a decision of the Personnel Board of the City of Northport that he was not entitled to seniority rights for approximately five years when he did not actually work for Northport pending a final determination of a prior disciplinary action against him.
For a more comprehensive understanding of the case, it is necessary to summarize the lengthy history of this controversy.
During "horse play" while on duty, Hallman discharged his pistol, nearly shooting a fellow officer, and, as a consequence, he was dismissed as a patrolman by the city council in December 1973. He appealed to the personnel board, who sustained his dismissal, which resulted in his appeal to the circuit court where he likewise received the same adverse ruling. This resulted in his appeal to this court where, on May 26, 1976, the case was reversed and remanded to the circuit court for a trial de novo. Hallman v. City of Northport, Ala.Civ.App., 333 So.2d 152 (1976). On November 8, 1978, the circuit court rendered its judgment which modified the action of the board by suspending him for thirty days with forfeiture of all back pay. The judgment was silent as to seniority rights. No appeal was taken from the November 8 judgment and Hallman resumed his employment on December 8, 1978, as a Northport patrolman. From December 1973 until December 1978, he had been employed as a police officer, or deputy sheriff, by other cities and by the Lamar County Sheriff's office.
Hallman testified, "I was under the impression when I went back the seniority came automatically. That is all I have asked for my job and seniority back. When I went back Chief Ellis advised me the court order didn't state one way or the other and . . ." he requested a hearing before the board. On August 8, 1979, the board granted seniority to him only for the time he actually worked for Northport, from November 1972 through December 1973. They further decided that he was not entitled to seniority from December 1973 to December 8, 1978. He again filed a notice of appeal on August 15, 1979, to the circuit court, which court, on December 12, 1979, also decided that he was only entitled to seniority for said thirteen months. Hallman again appeals to this court.
The right to appeal is purely statutory, and an appeal taken without statutory authority must be dismissed for want of jurisdiction. Wheat v. Ramsey, 284 Ala. 295, 224 So.2d 649
(1969); Tarvin v. Tarvin, 266 Ala. 214, 95 So.2d 397 (1957); 2 Ala. Digest Appeal and Error Key 1. Here, pertinent parts of the statute governing appeals from a decision of the personnel board to the circuit court are as follows:
 Section 19. Appeal to the Court. Decisions of the board may be enforced in the court by mandamus, injunction, or other appropriate proceedings. The employee . . . may, within ten (10) days after the decision of the board is rendered, appeal to the court from any decision of the board affirming, imposing or refusing to affirm or impose dismissal or demotion as disciplinary action by filing notice of such appeal. . . .
Act 1225, Acts of Alabama, Regular Session 1969.
This case has no pleadings except for the simple, but ample, notice of appeal from the board's decision to the circuit court. Therefore, it would be a stretch of judicial imagination beyond all bounds of judicial propriety or credibility to hold the notice of appeal to be anything but what it states that it is, an appeal.
The appeal was not from any decision of the board either affirming or refusing to affirm the appellant's dismissal or demotion as disciplinary action. The appeal was from a decision of the board denying that Officer Hallman was entitled to certain seniority. There is no statutory authority for anyone to appeal from any decision of the personnel board as to seniority rights of a city employee. The legislature did not grant the right to appeal from such decisions. The circuit court, therefore, had no jurisdiction as to Hallman's latest appeal. Wheat v. Ramsey, supra; Tarvin v. Tarvin, supra. The trial court being without *Page 758 
jurisdiction to render the judgment of December 12, 1979, the appeal to this court must be dismissed. Local 1264, I.B. ofE.W. v. Broadcast Service of Mobile, Inc., 278 Ala. 29,175 So.2d 460 (1965).
 The fact that the parties have raised no question concerning jurisdiction, either in the trial court or here, and invite the court to consider the case on its merits, is not controlling. Lack of jurisdiction cannot be waived or supplied by consent of the parties. (Citations omitted.)
City of Huntsville v. Miller, 271 Ala. 687, 688, 127 So.2d 606,608 (1958).
We have no alternative but to dismiss the appeal.
The foregoing opinion was prepared by retired Circuit Judge EDWARD N. SCRUGGS, serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e), Code of Ala. 1975. His opinion is hereby adopted as that of the court.
APPEAL DISMISSED.
All the Judges concur.