HOLMES, Judge.
This case comes before us as a result of actions taken by the Shelby County Planning Commission pursuant to its enabling act.[1] The appellants, landowners in Beat Twelve of Shelby County, appealed the actions of the Commission to the circuit court which affirmed the action of the Commission. Appellants now appeal the action of the circuit court to this court. For the reasons stated below we hold that the appeal to this court should be dismissed.
The record reveals the following pertinent facts: On February 18,1980, the Shelby County Planning Commission gave preliminary approval to its master plan zoning map and zoning regulations for Beat Twelve. Within the resolution granting preliminary approval, the Commission also resolved that the final plat of Spradeo Park was to be recorded in the probate office twelve months after the Beat Twelve zoning became effective, otherwise preliminary approval of Spradeo Park was null and void. The zoning map and zoning ordinances were submitted to the voters of Beat Twelve and approved by them on April 12, 1980.
Prior to the election, the appellants appealed the’ decision of the Commission granting preliminary approval to Spradeo Park to the Shelby County Circuit Court. The circuit court, on February 19, 1981, upheld the Commission’s action. No appeal was taken from this judgment.
On February 17, 1981, the appellees filed with the Commission a request for an extension of time to record the final plat of Spradeo Park. The Commission granted the extension at its regular meeting on March 16, 1981. Appellants again appealed to the Shelby County Circuit Court, contending generally that the Commission had no legal authority to grant the recording extension either in its February 18, 1980 resolution or its March 16, 1981 resolution. Appellants further contended that the resolution of February 18,1980 was not made a part of the proposed master plan and zoning ordinances which were submitted to the public for vote on April 12, 1980. The circuit court, however, in a judgment entered July 15, 1981, rejected these contentions and upheld the Commission’s action in granting the extension.
The appellants now appeal to this court, contending that the Commission’s resolution of February 18, 1980 regarding Spradeo Park had no legal effect and that the Commission had no legal authority to grant appellees an extension to record the final plat. As stated earlier, we do not believe that the above contentions are properly before this court on appeal.
*158 The right to appeal is purely statutory, and an appeal taken without statutory authority must be dismissed for want of jurisdiction. Wheat v. Ramsey, 284 Ala. 295, 224 So.2d 649 (1969); Hallman v. City of Northport, 386 So.2d 756 (Ala.Civ.App. 1980). The appellate process for decisions of the Shelby County Planning Commission is set out in Section 15 of the Commission’s enabling act. That section, in pertinent part, provides for the following:
Any party aggrieved by any final judg- . ment or decision of the Commission pursuant to the provisions of Section 14 may .. . appeal therefrom ... and such appeal shall be addressed to the circuit court or other court having like jurisdiction within the county where the affected property of the aggrieved party is located. .. .
Clearly, the circuit court has appellate jurisdiction only of judgments or decisions of the Commission entered pursuant to Section 14.
Section 14, in pertinent part, provides as follows:
Anyone wishing to appeal from an existing zoning regulation may file a written petition stating the basis for such appeal whereupon the Commission shall fix a date for such hearing . . . and on such hearing the Commission shall have the following powers: (1) to hear and decide appeals where it is alleged there is error in any order, requirement, decision or determination made by the Commission or official in the enforcement of this article of any regulation adopted pursuant thereto ....
At no time did the appellants petition the Commission for a hearing as required by Section 14. Consequently, there was no judgment or decision of the Commission entered pursuant to Section 14. The circuit court thus lacked jurisdiction to render a judgment because, as indicated above, a judgment or decision of the Commission entered pursuant to Section 14 is necessary to confer appellate jurisdiction upon the circuit court. Since the circuit court was without jurisdiction to render a judgment, the appeal to this court must be dismissed. Local 1264, International Brotherhood of Electrical Workers v. Broadcast Service of Mobile, Inc., 278 Ala. 29, 175 So.2d 460 (1965); Hallman v. City of Northport, supra.
Put another way, the statutory appellate process begins at the level of the Commission. The appellants in this case have tried to circumvent the appellate process by beginning at the circuit court level. This court cannot sanction that procedure.
In closing, we hold that the circuit court had no jurisdiction to render either its judgment of February 19, 1981, or its judgment of July 15,1981. For this reason the appeal to this court must be dismissed. The legislature has specifically set out the appellate procedure applicable to the Shelby County Planning Commission. This court is not free to ignore that procedure.
APPEAL DISMISSED.
WRIGHT, P. J., and BRADLEY, J., concur.

. Act No. 816, Acts of Alabama 1965.