This is an appeal from an order of the Circuit Court of Montgomery County, dismissing an appeal from an order of the Alabama Department of Environmental Management Commission (Commission).
In January 1989, Island Bay Utilities, Inc. (Island Bay) requested a hearing before the Commission protesting the issuance of a sewage discharge permit to the Government Utilities Services Corporation of the City of Gulf Shores (Gulf Shores) and claiming money damages on the grounds that its own permit limits were more stringent than the Gulf Shores permit, in that it had been required to spend more money than if it had received the same sewage discharge limits as Gulf Shores. Island Bay's permit was issued in 1984, from which it did not appeal. Gulf Shores challenged Island Bay's standing, based, inter alia, on the fact that the request for hearing did not request any action "approving, disapproving, or modifying the permit limits." Island Bay thereafter amended its petition to ask that the Gulf Shores permit be amended to the same limits as the Island Bay permit.
A pre-hearing order entered July 13, 1989, ruled that the Commission could not consider Island Bay's money damages claim in an administrative appeal of the Gulf Shores permit, and limited the issue to be tried to the merits of the permit. There was no appeal of this order.
A hearing on the merits was scheduled for January 10, 1990. On January 8, 1990, Island Bay filed a voluntary nonsuit dismissal of remaining claims and an appeal of the constitutional money damages claim. Later, the hearing officer submitted a proposed final order to the Commission wherein he recommended approving the department's administrative action and the issuing permit on the basis of Island Bay's withdrawal of its request for a hearing, and recommended that his pre-hearing order concerning the money damages be made final. The Commission rejected the hearing officer's recommended order, entering instead an order deeming Island Bay's withdrawal of its request for hearing as dispositive of all issues, including the money damage issue, and took no further action.
On February 23, 1991, Island Bay filed in the Circuit Court of Montgomery County its appeal of the Commission's order. The Alabama Department of Environmental Management (ADEM) was the only named defendant. ADEM filed its motion to dismiss, citing as grounds therefor: 1) lack of jurisdiction of the appeal, 2) Island Bay's waiver of right to an appeal, 3) Island Bay's failure to exhaust administrative remedies, 4) the absence of a record on the merits for the court to review, and 5) Island Bay's failure to comply with the Administrative Procedure Act and local rules of the Circuit Court of Montgomery County. After a hearing on the motion, the trial court entered an order on June 28, 1990, dismissing the appeal on the grounds that *Page 1212 
it was not allowed under any statutory or case authority or administrative rule or regulation. Hence, this appeal.
While Island Bay raises many issues on appeal, central to this action is whether the circuit court had jurisdiction to hear the appeal. Appeals from actions of ADEM are governed by both the Alabama Environmental Management Act (AEMA), Ala. Code 1975, § 22-22A-1, et seq., and the Alabama Administrative Procedure Act (AAPA), Ala. Code 1975, § 41-22-1, et seq. Section22-22A-7(c)(6) of the AEMA permits appeal from "Any order of the environmental management commission . . . modifying, approving, or disproving the department's administrative action. . . ." The "action" in the instant case was the issuance of the Gulf Shores permit.
ADEM contends that in view of Island Bay's dismissal of its contest of the Gulf Shores permit two days before the hearing on merits resulted in no ruling as to any action by ADEM which would support an appeal. Further, ADEM urges the court that Island Bay's dismissal was a failure to exhaust its administrative remedies in accordance with Ala. Code 1975, §41-22-20.
We agree. Island Bay asserted its right to a hearing under § 22-22A-7(c) of the AEMA. This section mandates the Commission to make a decision and issue an appropriate order after the hearing. If Island Bay was dissatisfied with the order, it could then appeal to the Montgomery County Circuit Court. Ala. Code 1975, § 22-22A-7(c)(6). Island Bay's dismissal prevented the holding of the requested hearing. Therefore, there was no order from which Island Bay could appeal. Island Bay's assertion that its motion for voluntary nonsuit was granted, thereby preserving the issue of money damages on appeal cannot stand. This is an administrative procedural proceeding, not a lawsuit. Therefore, a special statutory procedure has been provided as an exclusive method of review for a particular type of case. No other statutory review is available. Smith v. Civil Service Board of the City ofFlorence, 52 Ala. App. 44, 289 So.2d 614 (Ala.Civ.App. 1974). The right to appeal in this case is purely statutory, and an appeal taken without statutory authority must be dismissed for want of jurisdiction. Wheat v. Ramsey, 284 Ala. 295,224 So.2d 649 (1969), Hallman v. City of Northport, 386 So.2d 756
(Ala.Civ.App. 1980).
Additionally, since there was no order from which to appeal, Island Bay lost its "standing" to appeal, since one of the basic elements of standing is that the appellant must have exhausted all administrative remedies. Ala. Code 1975, §41-22-20(a). (Section 41-22-27(f), Ala. Code 1975, provides that appeals from ADEM shall be in accordance with § 41-22-20.) Merely alleging a constitutional issue is not sufficient to preclude the exhaustion of administrative remedies. Dawson v.Cole, 485 So.2d 1164 (Ala.Civ.App. 1986).
Accordingly, for the foregoing reasons, the judgment of the circuit court is affirmed.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.