We granted certiorari review in order to address a single legal issue: The preclusive effect of an administrative determination of a constitutional claim, when the aggrieved person does not seek judicial review of the administrative decision as authorized by law.
Alton Wayne Smith was a tenured instructor at the Alabama Aviation and Technical College ("AATC"), a state institution of higher learning. In August 1991, Smith was terminated as an avionics instructor, after having served for 14 years in that position. The reasons given for his termination were violations of the sick leave policy, numerous absences from classes he was teaching, and faculty and student complaints. Smith appealed this decision to an administrative review panel, arguing, among other things, that he had been fired for exercising his right to free speech. Specifically, Smith claimed he had been fired for voicing criticism of the institution's administration and curriculum and for writing letters to former Governor Guy Hunt complaining of what he considered to be fraudulent and wasteful practices at AATC. At the hearing conducted by the review panel, Smith raised these arguments, but was unsuccessful. The review panel found that Smith had been terminated for good cause and affirmed his termination.[1] The panel did not mention Smith's constitutional claims, apparently rejecting them. Smith did not appeal the decision of the administrative review panel to the appropriate circuit court, as allowed by §41-22-20(k)(1), Ala. Code 1975, but instead filed this present action against AATC and three administrators.[2] In his action, he claimed damages based on alleged breach of contract, breach of an implied covenant of good faith and fair dealing, intentional infliction of emotional distress, and retaliatory discharge, and damages based on 42 U.S.C. § 1983. Smith's § 1983 claims were based on the assertion that his termination violated his rights to freedom of speech and due process. The trial judge entered a summary judgment in favor of the defendants on all of Smith's claims, and he appealed to the Court of Civil Appeals.
Smith raised but one issue in the Court of Civil Appeals: whether the trial court erred in dismissing his § 1983 claims against the three administrators. The Court of Civil Appeals affirmed the dismissal of the § 1983 claims, holding that they were barred by the doctrine of collateral estoppel, i.e., issue preclusion. Smith v. Alabama Aviation Technical College,683 So.2d 426 (Ala.Civ.App. 1995). The Court of Civil Appeals held that the doctrine of collateral estoppel barred relitigation of Smith's claim that he had been fired for exercising his right to free speech. In determining that Smith was precluded from raising this constitutional issue, the court applied the elements for issue preclusion applicable to administrative hearings, as announced by this Court in Ex parteShelby Medical Center, Inc., 564 So.2d 63 (Ala. 1990). In that case, this Court held that for the doctrine of collateral estoppel to apply to an issue raised in an administrative proceeding, the following elements must be present:
 " '(1) there is identity of the parties or their privies; (2) there is identity of issues; (3) the parties had an adequate opportunity to litigate the issues in the administrative proceeding; (4) the issues to be estopped were actually litigated and determined in the administrative proceeding; and (5) the findings on the issues to be estopped were necessary to the administrative decision.' "
564 So.2d at 68 (quoting Pantex Towing Corp. v. Glidewell,763 F.2d 1241, 1245 (11th Cir. 1985)). The Court of Civil Appeals, finding *Page 434 
that these elements had been satisfied, ruled that Smith was precluded from raising the free speech and due process issues in his § 1983 action.
In his petition, Smith argues that the judgment of the Court of Civil Appeals is erroneous, stating that issue preclusion cannot be applied to his claim under the facts and circumstances of this case. First, Smith argues that federal law prohibits the application of issue preclusion in § 1983 actions where the issue to be precluded is one from an unreviewed decision of an administrative panel. Second, he argues that the administrative review panel, which consisted of three lay members, did not have the requisite legal competence to decide whether Smith had been terminated in violation of his constitutional rights. Third, he claims that the panel's decision did not adequately address his constitutional claims so as to preclude these constitutional issues in this subsequent action. We will address these issues in the order in which they have been presented.
Smith's initial contention is that federal law prohibits the application of issue preclusion in a § 1983 action, where the issue to be precluded has been determined by an unreviewed decision of an administrative panel and involves claims of unconstitutional termination of employment. Although Smith is correct that a federal court would not bar this claim on the grounds of issue preclusion, his argument that federal law prohibits application of collateral estoppel in this scenario is misplaced. It is well established that a federal court will not preclude litigation of constitutional issues when those issues have been raised in an unreviewed decision of a state administrative agency. University of Tennessee v. Elliott,478 U.S. 788, 106 S.Ct. 3220, 92 L.Ed.2d 635 (1986); Migra v.Warren City School District Bd. of Educ., 465 U.S. 75,104 S.Ct. 892, 79 L.Ed.2d 56 (1984); Kremer v. ChemicalConstruction Corp., 456 U.S. 461, 102 S.Ct. 1883,72 L.Ed.2d 262 (1982); Carlisle v. Phenix City Bd. of Educ., 849 F.2d 1376
(11th Cir. 1988); Gjellum v. City of Birmingham, 829 F.2d 1056
(11th Cir. 1987); Edmundson v. Borough of Kennett Square,4 F.3d 186 (3d Cir. 1993). See also, McDonald v. City of WestBranch, 466 U.S. 284, 104 S.Ct. 1799, 80 L.Ed.2d 302 (1984) (Supreme Court refused to give preclusive effect to constitutional issues raised in an unappealed arbitration decision). However, Smith is incorrect in his assertion that federal law bars the application of preclusion doctrines in these cases. The federal cases addressing this issue have not held that the United States Constitution prohibits the application of issue preclusion by a court in a subsequent action by a plaintiff who had raised the constitutional issues at an administrative hearing concerning his termination. Rather, these cases stand for the proposition that the federal common law doctrine of collateral estoppel will not be applied in federal forums when the decisions on the constitutional issues to be precluded have not been judicially reviewed. See,e.g., Carlisle v. Phenix City Bd. of Ed., 849 F.2d 1376 (11th Cir. 1988). Therefore, there is no federal constitutional restraint placed on the states in regard to how they may fashion their preclusion rules in relation to this issue.
Next, Smith contends that collateral estoppel should not be applied in this action, because, he says, the administrative review panel, which consisted of three nonlawyers, did not have the requisite legal training to competently adjudicate these claims; he argues that the decision of the panel did not adequately address these constitutional issues, so as to preclude adjudication of these issues in the subsequent action. This argument seems to mirror the rationale utilized by federal courts in holding that preclusive doctrines will not be applied to unreviewed administrative review panel decisions involving claims of unconstitutional terminations. See, Edmundson v.Borough of Kennett Square, 4 F.3d 186 (3d Cir. 1993). The federal cases have articulated concerns that an administrative panel is not equipped with the legal training to adequately adjudicate these issues. Although there seems to be merit in Smith's argument, especially given that Smith has averred that he was terminated for exercising his First Amendment rights, this contention is unpersuasive, considering that he did not appeal the decision of the review panel, as he was allowed to do by § 41-22-20(k)(1), Ala. Code 1975. *Page 435 
In support of his assertion that his constitutional claims were not "actually litigated and determined in the administrative proceedings," as required under the test announced in Ex parte Shelby Medical Center, Inc., supra, Smith contends that the administrative review panel was not equipped to adequately determine whether he had been terminated for exercising his right to free speech. At first glance, this argument appears to be valid. The Supreme Court of the United States has been clear in its holdings concerning the appropriate standards for determining whether a plaintiff has been unconstitutionally terminated for exercising his or her First Amendment Rights. In order for a plaintiff to prevail on such a theory, the plaintiff must show: 1) that the alleged conduct was constitutionally protected and 2) that the conduct was a "substantial" or "motivating" factor in the review panel's decision to affirm the termination of employment. Once this standard has been met, the review panel may defeat this charge by showing that it would have affirmed the dismissal of the employee even in the absence of the protected conduct. Mt.Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274,287, 97 S.Ct. 568, 576, 50 L.Ed.2d 471 (1977). A look at this test reveals that Smith's contention that the review panel could not adequately determine his claim is correct. In the two-step test, one must determine first whether the speech is "constitutionally protected" and then determine if the speech was a "substantial" or "motivating" factor in the decision to terminate. Whether the employee has satisfied this test cannot be adequately determined by a review panel composed of three lay persons, because proper application of this test requires a legal education. In Edmundson v. Borough of Kennett Square,4 F.3d 186 (3d Cir. 1993), the Court of Appeals for the Third Circuit specifically addressed this issue as follows:
 "We see a profound difference in the ability of a Commission composed of lay citizens to resolve matters of credibility and fact . . . and the ability to determine the more complex question of whether [certain] statements are constitutionally protected. . . . We intimate no disrespect for the Commission in stating that constitutional adjudication is not within its competence so as to bar a federal court from re-examining that legal issue.
". . . .
 ". . . [W]e do not think that an administrative agency consisting of lay persons has the expertise to issue binding pronouncements in the area of federal constitutional law."
Edmundson, 4 F.3d at 192-93. We agree with Smith's argument that the review panel could not adequately determine the constitutional issues presented to it and that there has been no showing that the panel did apply the required test. His § 1983 claims are nevertheless barred, because he had a right to appeal the ruling of the review panel to the appropriate circuit court, under § 41-22-20(k)(1), Ala. Code. 1975, but did not do so.
Section 41-22-20 provides for a judicial review of the decisions of administrative agencies, when the decisions of such agencies are final and binding. § 41-22-20(a), Ala. Code 1975. Being a tenured instructor at AATC, Smith correctly appealed his termination to a review panel, pursuant to §36-26-105, Ala. Code 1975, but because the decision of the review panel is considered final and binding,[3] the only remedy available to Smith was to appeal the panel's decision to the appropriate circuit court. A reviewing circuit court "may reverse or modify the decision [of an administrative review panel] or grant other appropriate relief" if it finds that "substantial rights of the petitioner have been prejudiced because the agency action is . . . [i]n violation of constitutional or statutory provisions." § 41-22-20(k), Ala. Code 1975. Smith did not appeal the decision of the review panel to the circuit court; rather, he brought this action in order to recover damages for wrongful termination. Therefore, he waived his right to appeal the decision of the review panel.
If he had appealed the decision of the review panel to the appropriate circuit court, Smith could have ensured that his constitutional claims would be properly adjudicated. *Page 436 
In reviewing a claim that an employee has been terminated for exercising the right to free speech, an appellate court must make an independent examination of the whole record, in order to ensure that the judgment of an administrative review panel does not constitute a forbidden intrusion on the field of free expression. Bose Corp. v. Consumers Union, 466 U.S. 485, 499,104 S.Ct. 1949, 1958-59, 80 L.Ed.2d 502 (1984). This is a rule of Federal constitutional law, reflecting the conviction that judges must exercise independent review in order to preserve these liberties, and this rule is binding upon state appellate courts. Bose Corp., 466 U.S. at 510, 104 S.Ct. at 1964-65. Therefore, a circuit court, acting in an appellate capacity, would be required to make a de novo review of any First Amendment claims raised by the terminated employee. Thus, there is an appropriate procedure for an employee to follow in order to ensure that his or her constitutional claims are reviewed by a jurist possessing the requisite legal competence.
These appellate procedures ensure that the aggrieved employee will have the opportunity to raise his or her constitutional claims in a court of law, where such claims will be determined by a person having the requisite legal competence. Smith did not pursue his statutory remedy by appealing the ruling of the administrative review panel. His failure to appeal the ruling of the review panel to the appropriate circuit court acts as a waiver of any right to relitigate these issues, because the circuit court could have adequately determined the constitutional issues raised by him.
Smith's request that this Court adopt the federal view of issue preclusion in this situation is unpersuasive. The doctrines of collateral estoppel and res judicata are applied to encourage judicial economy by allowing issues, including constitutional issues, to be decided in a single proceeding, so that there can be a final resolution of the conflict between the parties. Failure to apply these doctrines would frustrate the purposes of the Alabama Rules of Civil Procedure, which are designed "to secure the just, speedy and inexpensive determination of every action" on its merits. Rule 1(c), Ala. R. Civ. P.
Under the provisions of law, an aggrieved person, such as Smith, who believes that the decision of a review panel did not adequately or correctly adjudicate his or her constitutional claims can appeal that decision to the appropriate circuit court, as provided in § 41-22-20, Ala. Code 1975. To allow a plaintiff to raise the same issues in a subsequent lawsuit after having elected not to appeal from the administrative ruling would frustrate efforts to provide an orderly administration of justice and could encourage one to relitigate issues rather than have those issues finally resolved.
Based on the foregoing, we affirm the judgment of the Court of Civil Appeals.
AFFIRMED.
HOOPER, C.J., and SHORES, HOUSTON, KENNEDY, INGRAM, and COOK, JJ., concur.
[1] The decision of the review panel read in its entirety:
 "The Employee Review Panel has decided to uphold the termination of the employment of Mr. Alton Wayne Smith by the Alabama Aviation [and] Technical College in Ozark, Alabama.
 "The panel found sufficient testimony and evidence that there were reasons for this termination of employment on the grounds of 'other good and just causes' and failure to perform duties [in] a satisfactory manner."
[2] The three administrators named in the action were Shirley Woodie, president of AATC; John Fergus, dean of instruction; and Chancellor Fred Gainous.
[3] § 36-26-106, Ala. Code 1975.