PER CURIAM.
A fetus, by and through its guardian ad litem, appeals from the trial court’s order granting a minor’s petition for a waiver of parental consent to have an abortion.
The restrictions placed on abortions in Alabama are entirely creatures of statute. The State Legislature created the parental consent requirement, the procedure for a waiver of parental consent, and the procedure for an appeal of a case involving a petition for waiver of parental consent. The right to an appeal is purely statutory. The applicable statute provides: “An expedited confidential and anonymous appeal shall be available to any minor to whom the court denies a waiver of consent.” § 26-21-4(h), Ala.Code 1975 (emphasis added).
Because the right of appeal is purely statutory, strict compliance with the statute authorizing the appeal is required. State Dep’t of Revenue v. Drayton, 617 So.2d 677 (Ala.Civ.App.1992). “[A]n appeal taken without statutory authority must be dismissed for want of jurisdiction.” Island Bay Utilities, Inc. v. Alabama Dep’t of Environmental Management, 587 So.2d 1210, 1212 (Ala.Civ.App.1991).
The legislature did not provide a right to appeal from the granting of a petition for waiver of parental consent. The statute specifically states that an appeal may he for any “minor” to whom the court “denies” the petition. This specific wording does not leave room for judicial interpretation. In this case no minor was denied a waiver. Therefore, there is no right to appeal.
Because there is no statutory authority for this appeal, we have no choice but to dismiss it.
APPEAL DISMISSED.
All the judges concur.