46 So.3d 916 (2009)
Ex parte Nancy WORLEY, individually, and Beth Chapman, individually and in her official capacity as Secretary of State.
(In re Anita Tatum
v.
Nancy Worley, in her individual capacity, and Beth Chapman, in her official capacity as Secretary of State and in her individual capacity).
1070543.
Supreme Court of Alabama.
December 30, 2009.
Rehearing Denied April 16, 2010.
*917 John M. Bolton III, Charlanna Spencer, and Doy Leale McCall III of Hill, Hill, Carter, Franco, Cole & Black, P.C., Montgomery, for petitioners.
Norbert H. Williams, Alabama State Employees Association, Montgomery, for respondent.
PARKER, Justice.
Nancy Worley, Alabama's former secretary of state, and her successor, Beth Chapman, the current secretary of state, petition this Court seeking a writ of mandamus directing the Montgomery Circuit Court to vacate its order of December 13, 2007, denying their motion for a judgment on the pleadings seeking the dismissal of the claims of Worley's former subordinate, Anita Tatum, based on lack of subject-matter jurisdiction. For the reasons presented below, we issue the writ.

Background and Procedural Posture
On October 19, 2004, Tatum resigned her position in the Office of the Secretary of State as supervisor of voter registration. On October 29, 2004, she filed a notice of appeal to the State Personnel Board, alleging that her resignation was coerced and *918 that it was, in actuality, not a resignation but an involuntary "constructive" termination.
According to the complaint Tatum filed in the Montgomery Circuit Court, Worley called Tatum to Worley's office at about 3:30 p.m. on October 19, 2004, and demanded an explanation for a discrepancy between the number of registered voters on the Secretary of State's Web site and the number of registered voters on the Alabama Voter Information Network ("ALVIN"), the statewide voter-registration system. Worley directed Tatum to provide an explanation for the discrepancy by 5:00 p.m. that day.
Tatum alleged that because of her lack of technical expertise with ALVIN, completing the task would require the assistance of an experienced technician. According to Tatum, Worley denied her request for the assistance of the computer technician responsible for maintaining ALVIN. Tatum further alleges that Worley did not provide her with information identifying the specific counties in which the discrepancies existed.
When she was unsuccessful in identifying the reason for the discrepancies within the required time, Tatum drafted and presented a memorandum to Worley stating that she needed more time to complete the task. Tatum contends that Worley responded in a "hostile and demeaning tone," stating that a reporter was asking questions about the discrepancies and that Tatum could either resign or be fired. Tatum alleged that later that day Worley delivered to her a prepared letter of resignation and demanded that Tatum make an immediate decision regarding her alternatives. Tatum requested time to consider her options and to consult with legal counsel, but Worley denied the request. Instead, Tatum alleges, Worley summoned the personnel director for the Secretary of State's Office, who gave Tatum what she describes as "tentative, incomplete, and inaccurate advice concerning her two options." Allegedly fearing that termination would cause a forfeiture of the retirement benefits she had accrued during 21 years of state employment, Tatum signed the letter of resignation.
Worley's and Chapman's version of these facts, as presented in their joint brief to this Court, is slightly different, although the differences are not substantial. Their brief states that Worley gave Tatum the choice either of resigning or of being suspended pending an investigation. Also, according to the version of the facts in their brief, the tone of the exchanges between Worley and Tatum was matter-of-fact, rather than hostile.
After consulting with legal counsel, Tatum decided to appeal her resignation, which she considered to be a "constructive termination," and 10 days later, on October 29, 2004, Tatum filed a notice of appeal with the State Personnel Board. The content of the notice of appeal is unavailable to us, but in a letter dated November 5, 2004, to Tatum's legal counsel, the Personnel Board advised Tatum as follows:
"Our records ... indicate that [Tatum] resigned her position.... Our rules do not allow an appeal of a resignation, nor do we have jurisdiction to determine whether a constructive discharge occurred under our termination appeal statute.
"Based on your letter, however, it appears that you are alleging that retaliation or discrimination by the appointing authority prompted the resignation.... If this is the basis of your complaint, an appeal right exists pursuant to Rule 670-X-4-.03 of the Rules of the State personnel Board which states in part:
"`Any applicant or employee who has reason to believe that he has been *919 discriminated against because or religious or political opinions or affiliations or race, sex, national origin, age or handicap in any personnel action may appeal to the State Personnel Board.'
"Should the Board determine that discrimination has occurred, it has the authority to reinstate [Tatum] or take other appropriate corrective action. Please advise how you wish to proceed."
Tatum's brief, Exh. H.
Tatum apparently indicated to the Personnel Board that her appeal included a claim under Rule 670-X-4-.03, Ala. Admin. Code (Alabama State Personnel Board), because, after a three-day hearing on November 14-16, 2005, the administrative law judge hearing the appeal concluded both that Tatum had resigned her position, obviating the Board's jurisdiction over the appeal, and that Worley's actions did not constitute an unlawful form of nonmerit-factor discrimination sufficient to trigger jurisdiction under Rule 670-X-4-.03. The administrative law judge therefore determined that the State Personnel Board did not have jurisdiction over the appeal, but she recommended to the Board that the nonmerit factors under which the Board may exercise jurisdiction be extended to include actions based upon "facts which prove to be false or inaccurate."[1] Tatum then appealed the decision of the administrative law judge to the full State Personnel Board. On April 18, 2007, that Board issued the following decision:
"This matter came before the Board upon the authority of Ala. Admin. Code § 670-X-4-.03. [Tatum] resigned her position with the Secretary of State's Office and thereafter filed this appeal. This matter was assigned to Julia J. Weller as Administrative Law Judge who recommended the extension of jurisdiction of a non-merit factor to include actions based upon `facts which prove to be false or inaccurate.'
"The Board finds that there was a resignation and the Board declines to extend jurisdiction under Ala. Admin. Code § 670-X-4-.03 to include as a non-merit factor `facts which prove to be false or inaccurate.'
"....
"It is therefore the Order of this Board that this APPEAL is DISMISSED WITH PREJUDICE."
Petition, Exh. F (capitalization in original).
On May 18, 2007, Tatum filed a notice of appeal to the Montgomery Circuit Court, as required by § 41-22-20, Ala.Code 1975, a part of the Alabama Administrative Procedure Act, § 41-22-1 et seq., Ala.Code 1975 ("the AAPA"). Section 41-22-20 provides the procedure for soliciting judicial review of final decisions of administrative agencies within the State. The section provides, in pertinent part:
"(a) A person who has exhausted all administrative remedies available within the agency, other than rehearing, and who is aggrieved by a final decision in a contested case is entitled to judicial review under this chapter....
"(b) All proceedings for review may be instituted by filing of notice of appeal or review and a cost bond with the agency to cover the reasonable costs of preparing the transcript of the proceeding under review, unless waived by the agency or the court on a showing of substantial hardship. A petition shall be filed either in the Circuit Court of Montgomery County or in the circuit *920 court of the county in which the agency maintains its headquarters, or unless otherwise specifically provided by statute, in the circuit court of the county where a party other than an intervenor, resides or if a party, other than an intervenor, is a corporation, domestic or foreign, having a registered office or business office in this state, then in the county of the registered office or principal place of business within this state.
"....
"(d) The notice of appeal or review shall be filed within 30 days after the receipt of the notice of or other service of the final decision of the agency upon the petitioner.... The petition for judicial review in the circuit court shall be filed within 30 days after the filing of the notice of appeal or review.... Failure to file such petition within the time stated shall operate as a waiver of the right of such person to review under this chapter .... This section shall apply to judicial review from the final order or action of all agencies ....
"....
"(h) The petition for review shall name the agency as respondent and shall contain a concise statement of:
"(1) The nature of the agency action which is the subject of the petition;
"(2) The particular agency action appealed from;
"(3) The facts and law on which jurisdiction and venue are based;
"(4) The grounds on which relief is sought; and
"(5) The relief sought."
(Emphasis added.)
On May 30, 2007, Tatum, departing from the procedures outlined in the AAPA, filed a complaint in the Montgomery Circuit Court, naming former Secretary of State Worley in her individual capacity and Secretary of State Chapman in her official capacity and in her individual capacity. She invoked the jurisdiction of the trial court, relying on Fields v. State ex rel. Jones, 534 So.2d 615 (Ala.Civ.App. 1987), and arguing that when a statute provides no right of appeal or statutory certiorari review, the common-law writ of certiorari is the only available means of review and original jurisdiction is proper in the circuit court. In her complaint, Tatum sought a common-law writ of certiorari to review her allegedly unlawful dismissal, reinstatement to her position, damages for the deprivation of her property interest in continued employment, compensatory and punitive damages for Worley's alleged intentional infliction of emotional distress, and attorney fees. In addition, Tatum requested a judgment declaring that her resignation was involuntary, that Worley had violated her constitutional rights without due process, that her resignation was actually a constructive termination, that Worley arbitrarily dismissed Tatum, and that Tatum's resignation was obtained by coercion, duress, and misrepresentation.
In the petition for a writ of mandamus, Chapman claims that Tatum's claims against her for money damages and attorney fees are barred by the doctrine of sovereign immunity. Tatum responds by citing Phillips v. Thomas, 555 So.2d 81, 83 (1989), for the premise that a "state employee is not protected by § 14[, Ala. Const.1901,] when [the employee] acts `wilfully, maliciously, illegally, fraudulently, in bad faith, beyond his authority, or under a mistaken interpretation of the law.'" Tatum's brief, at 52.
In response to Tatum's complaint, Worley and Chapman moved the trial court for a judgment on the pleadings pursuant to Rule 12(c), Ala. R. Civ. P., arguing 1) that *921 Tatum may not maintain an independent action after availing herself of the appellate process of the State Personnel Board; 2) that any claim against Chapman in her official capacity is barred by the doctrine of sovereign immunity; 3) that the claims against Worley and Chapman in their individual capacities are barred by the doctrine of State-agent immunity; 4) that the claims are barred by the statute of limitations; and 5) that Tatum's claim asserting intentional infliction of emotional distress fails as a matter of law. The trial court issued an order denying their motion, and Worley and Chapman seek a writ of mandamus directing the trial court to vacate that order and to enter a judgment on the pleadings.
Standard of Review
"[M]andamus is a drastic and extraordinary writ to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court."
Ex parte Alfab, Inc., 586 So.2d 889, 891 (Ala.1991).
Mandamus is a proper remedy for a trial court's refusal to dismiss a case for failure to comply with the necessary procedures for appeal set out in the AAPA. See, e.g., Ex parte Crestwood Hosp. & Nursing Home, Inc., 670 So.2d 45 (Ala. 1995). Further, "[a] petition for a writ of mandamus `is an appropriate means for seeking review of an order denying a claim of immunity.' Ex parte Butts, 775 So.2d 173, 176 (Ala.2000)." Ex parte Haralson, 853 So.2d 928, 931 (Ala.2003).
"In reviewing the denial of a motion to dismiss by means of a mandamus petition, we do not change our standard of review. . . . Under Rule 12(b)(6), Ala. R. Civ. P., a motion to dismiss is proper when it is clear that the plaintiff cannot prove any set of circumstances upon which relief can be granted. Cook v. Lloyd Noland Found., Inc., 825 So.2d 83, 89 (Ala.2001). `"In making this determination, this Court does not consider whether the plaintiff will ultimately prevail, but only whether [she] may possibly prevail."' Id. (quoting Nance v. Matthews, 622 So.2d 297, 299 (Ala. 1993)). We construe all doubts regarding the sufficiency of the complaint in favor of the plaintiff. [Ex parte] Butts, 775 So.2d [173] at 177 [(Ala.2000)]."

Analysis
Alabama provides statutory procedures in the AAPA for reviewing the actions of administrative agencies. It is a mainstay of administrative procedure that a party must exhaust all applicable administrative remedies before seeking relief in the courts. § 41-22-20(a), Ala.Code 1975. The purpose of these administrative procedures is "[t]o simplify the process of judicial review of agency action as well as increase its ease and availability. In accomplishing its objectives, the intention of this chapter is to strike a fair balance between these purposes and the need for efficient, economical and effective government administration." § 41-22-2(b)(7), Ala. Code 1975. To allow a plaintiff to raise issues in court that have been addressed by an administrative agency, without having exhausted that administrative process, would frustrate the orderly administration of justice. See Ex parte Gadsden Country Club, 14 So.3d 830, 832 (Ala.2009).
Although a party seeking review of a ruling by an administrative agency may petition the court for a common-law writ of certiorari, this means of review is allowable only when no statutory right of appeal or statutory certiorari review is available. *922 Collins v. Alabama Dep't of Corr., 982 So.2d 1078, 1080 (Ala.2007). Section 41-22-20, Ala.Code 1975, however, explicitly provides both a statutory vehicle for obtaining judicial review and a definition of the required process. This statutory process, by its existence, forecloses review by way of a petition for a common-law writ of certiorari.
Tatum contends that her claims were not constrained by the AAPA because, she says, her appeal to the Personnel Board was not a "contested case" within the meaning of § 41-22-20, Ala.Code 1975, which states in subsection (a) that "[a] person . . . who is aggrieved by a final decision in a contested case is entitled to judicial review. . . ." A "contested case" is defined in § 41-22-3(3), Ala.Code 1975, as "[a] proceeding . . . in which the legal rights, duties or privileges of a party are required by law to be determined by an agency after an opportunity for hearing." Tatum argues that, because the Personnel Board declined jurisdiction and did not adjudicate her appeal "on the merits," she is not aggrieved by a final decision in a contested case and, thus, that the AAPA does not govern her claim. Tatum also cites in support of this contention Rule 41(b), Ala. R. Civ. P., which states that an involuntary dismissal for lack of jurisdiction is not an adjudication on the merits. However, Rule 81(b), Ala. R. Civ. P., states that "[t]hese rules are not applicable to any proceeding in which the adjudication of the controversy is by . . . an administrative agency or official body of any kind, other than the courts enumerated in Rule 1." Therefore, Rule 41(b), Ala. R. Civ. P., does not apply to the decisions of an administrative agency, and it does not provide support for Tatum's position.
As support for her claim that the AAPA applies only to adjudications on the merits, Tatum cites Jones v. Alabama State Board of Pharmacy, 624 So.2d 613, 614 (Ala.Civ. App.1993). The portion of Jones Tatum cites states:
"Appellate review of administrative actions is limited to a determination of `whether the agency acted within its powers conferred upon it by law and the constitution, whether its decision is supported by substantial evidence, and whether the agency's decision is reasonable and not arbitrary.'"
It is unclear why Tatum offered this case as support; it concerns how a court will review an agency decision, not whether judicial review of an agency decision is available or required.
Despite Tatum's contention, the AAPA does not use the phrase "on the merits." Rather, it states that a party aggrieved by a "final decision" is entitled to judicial review. A "final decision" is one that garners the support of "a majority of the officials who are to render the final order." § 41-22-15, Ala.Code 1975. The Personnel Board determined as a matter of fact that Tatum had resigned, and because Tatum's resignation was not the result of nonmerit discrimination, as defined by Rule 670-X-4-.03, Ala. Admin. Code (Alabama State Personnel Board), the Board declined to follow the administrative law judge's recommendation and extend its jurisdiction under Rule 670-X-4-.03 in order to reach Tatum's claims. Because Tatum had resigned, leaving nothing to adjudicate, the Personnel Board dismissed her appeal with prejudice. The order was signed by a majority of the officials empowered to render the order and was, therefore, a final decision.
Tatum also curiously alleges that "the question whether Tatum resigned was never at issue before the Personnel Board. Instead, the gravamen of Tatum's claim to the Personnel Board was that her resignation was involuntary." Tatum's brief, at *923 39. Only by a twist of logic could one assert that the State Personnel Board never considered whether Tatum resigned, when, in fact, the Personnel Board determined that it lacked jurisdiction over Tatum's appeal only after it found that Tatum had resigned.
This conclusion was reached after a hearing held before an administrative law judge over the course of three days and a subsequent hearing before the Board. Despite Tatum's assertion that the Board never adjudicated the claim on the merits, the Board had to consider Tatum's claim to determine whether it would extend jurisdiction to reach the claim. The nature of Tatum's separation from her employment in the Secretary of State's Office was a threshold factual question the Board had to determine.
The AAPA requires that one unhappy with the agency's determination petition the circuit court for review. The petition for review in the circuit court must "name the agency as respondent and shall contain a concise statement of: (1) The nature of the agency action which is the subject of the petition; (2) The particular agency action appealed from; (3) The facts and law on which jurisdiction and venue are based; (4) The grounds on which relief is sought; and (5) The relief sought." § 41-22-20(h), Ala.Code 1975. Instead of a petition naming the State Personnel Board as respondent as required under (1) above, Tatum filed in the circuit court a complaint naming Worley and Chapman, individually and in her capacity as secretary of state, as defendants. Tatum's complaint did not state that in filing the complaint she was appealing a decision by the Personnel Board as required by § 41-22-20(h)(2) above. The relief sought in the circuit court was 12 actions and declarations that began with a prayer for "[a] Common Law Writ of Certiorari to review Defendants' unlawful removal of Plaintiff from her position as Supervisor of Voter Registration." (Emphasis in original.) The complaint did not mention or invoke the right to judicial review under the AAPA. Instead, Tatum disregarded the requirements of the AAPA and proceeded as if there were no statute that provided for judicial review. Her complaint was not a petition for review of an agency action; it was, in fact, a new civil action against Worley and Chapman.
Ex parte Smith, 683 So.2d 431 (Ala. 1996), cited by Worley and Chapman, is factually similar to the present case. In Smith, a professor at a state college appealed his termination to the administrative-review panel. The panel found that Smith had been terminated for good cause, and the panel affirmed Smith's termination. Smith did not appeal the panel's decision; instead, he filed an original civil action against the college, which resulted in a summary judgment in favor of the college. This Court affirmed the summary judgment, noting that the decision of the review panel, as determined by statute, was "final and binding."
"[B]ecause the decision of the review panel is considered final and binding, the only remedy available to Smith was to appeal the panel's decision to the appropriate circuit court. A reviewing court `may reverse or modify the decision [of an administrative review panel] or grant other appropriate relief' if it finds that `substantial rights of the petitioner have been prejudiced because the agency action is . . . [i]n violation of constitutional or statutory provisions.' § 41-22-20(k), Ala.Code 1975. Smith did not appeal the decision of the review panel to the circuit court; rather, he brought this action in order to recover damages for wrongful termination. Therefore, he *924 waived his right to appeal the decision of the review panel."
683 So.2d at 435. See also Island Bay Utils. v. Alabama Dep't of Envtl. Mgmt., 587 So.2d 1210 (Ala.Civ.App.1991) (holding that plaintiff's failure to follow the procedure necessary to institute an appeal from a decision by the Alabama Department of Environmental Management was fatal to claim); Smith v. Civil Serv. Bd. of Florence, 52 Ala.App. 44, 289 So.2d 614 (Civ. App.1974) (stating that when a special statutory procedure has been provided as an exclusive method of review for a particular type of case, no other statutory review is available); and Hallman v. City of Northport, 386 So.2d 756 (Ala.Civ.App. 1980) (ruling that when the right to appeal is purely statutory, an appeal taken without statutory authority must be dismissed for want of jurisdiction).
Under this authority, Tatum's failure to follow the statutory process for taking an appeal acts as a waiver of her right to a review of the decision of the State Personnel Board. The process for appealing a termination is defined by statute, as described supra. That process states that decisions of the State Personnel Board are final and binding. Rule 670-X-4-.03, on which Tatum relies, states: "If the Board finds after hearing that there was discrimination on any of the above nonmerit factors, it shall order appropriate corrective action and its decision shall be final." Also, Rule 670-X-18-.02, entitled "Dismissals," states in subsection (3): "The decision of the Board based upon its records and the testimony shall be final." The statutory process directs parties who are aggrieved by a final decision to appeal that decision to the circuit court. Failure to follow this procedure acts as a waiver of the right to appeal the decision. Although Tatum conveyed jurisdiction to the trial court by filing her notice of appeal, she waived her right to review when she subsequently failed to file the required petition and instead filed a new civil action naming Worley and Chapman as defendants.
Tatum clearly did not comply with the statutory requirements for filing an appeal of the Personnel Board's decision. Although Tatum substantially complied with the requirements of § 41-22-20 by exhausting her administrative remedies within the agency and by filing a notice of appeal, she failed to file a petition in the circuit court as required by § 41-22-20(d), and she failed to strictly comply with the requirements of § 41-22-20(h), Ala.Code 1975. In Ex parte Carlisle, 894 So.2d 721, 728-29 (Ala.Civ.App.2004), the Court of Civil Appeals held that strict compliance with statutory procedure was necessary for a party to obtain review by the circuit court of the action of the State Department of Revenue. Here, Tatum failed to follow the statutorily defined procedure for appealing final decisions of the State Personnel Board, and in doing so she waived her right to judicial review. Because we are issuing the writ based on Tatum's waiver of her right to judicial review, we pretermit discussion of the other issues raised by the parties.
Tatum's complaint, however, asserted new claims for damages that were not raised before the Personnel Board. Worley and Chapman correctly argue that the claims against them are barred by the doctrine of State immunity.
Section 14, Alabama Constitution of 1901, which states that "[t]he State of Alabama shall never be made a defendant in any court of law or equity," bars actions against the State and, more particularly, bars actions against constitutional officers, when the claims arise from the performance of the constitutional officer's duties. Boshell v. Walker County Sheriff, 598 *925 So.2d 843, 844 (Ala.1992). Article V, § 112, Alabama Constitution of 1901, defines the executive department as consisting of a "governor, lieutenant governor, attorney-general, state auditor, secretary of state, state treasurer, superintendent of education, commissioner of agriculture and industries, and a sheriff for each county." The persons occupying the named offices are constitutional officers, and "this Court has consistently held that a claim for monetary damages made against a constitutional officer in the officer's individual capacity is barred by State immunity whenever the acts that are the basis of the alleged liability were performed within the course and scope of the officer's employment." Ex parte Davis, 930 So.2d 497, 500-01 (Ala.2005). Chapman was sued in her official capacity as secretary of state, and Worley was acting in her official capacity as secretary of state when the incident that forms the basis for these claims occurred. Ex parte Shelley, [Ms. 1080588, September 18, 2009] ___ So.3d ___, ___ (Ala.2009) ("Suits against [constitutional] officers for actions taken in the line and scope of their employment inherently constitute actions against the State, and such actions are prohibited by § 14. See [Ex parte] Haralson, 853 So.2d [928,] 932 [(Ala.2003)]."). Thus, Tatum's claims against both Worley and Chapman in the Montgomery Circuit Court that were not asserted in Tatum's appeal to the State Personnel Board are barred by the doctrine of State immunity.

Conclusion
Tatum waived her right to judicial review of the decision of the Personnel Board because she failed to follow the statutory procedure for obtaining that judicial review. A common-law writ of certiorari was unavailable to her because statutory procedures for such an appeal existed. Further, Tatum's claims against Worley and Chapman asserted for the first time in the action in the Montgomery Circuit Court are barred by the doctrine of State immunity under § 14, Ala. Const. 1901. Accordingly, the writ of mandamus will issue and the trial court is directed to vacate its order denying Worley and Chapman's motion and to enter a judgment on the pleadings in Worley's and Chapman's favor.
PETITION GRANTED; WRIT ISSUED.
LYONS, STUART, and SMITH, JJ., concur.
COBB, C.J., and WOODALL and SHAW, JJ., concur in the result.
WOODALL, Justice (concurring in the result).
I concur in the result. All of Tatum's claims are clearly barred by the immunity afforded Worley and Chapman by § 14, Ala. Const.1901.
COBB, C.J., concurs.
NOTES
[1] The parties do not explain the significance of the phrase "facts which prove to be false or inaccurate," nor do they provide the Court a copy of the administrative ruling, which Worley and Chapman refer to as a 56-page opinion.