MOORE, Judge.
Alvin Reed, as director of the Perry County Department of Human Resources (“DHR”), appeals from a judgment of the Perry Circuit Court (“the trial court”) issuing a common-law writ of certiorari requiring Reed to reinstate the employment of Christine White (“White”) with full back pay. We dismiss the appeal with instructions.

Background

As of March 2005, DHR employed Christine White as a financial-support worker. On March 16, 2005, Reed delivered a letter to White notifying her that she was being placed on mandatory leave pending an administrative hearing and that she would be paid from her annual leave balance. See Ala. Admin. Code (Personnel Board), Rule 670-X-15-.06(l) (authorizing such personnel actions by state agencies). Although that letter did not notify White of the reasons for DHR’s action, two days later, on March 18, 2005, Reed sent a second letter to White stating, in pertinent part:
“The purpose of the hearing is to hear charges concerning your fraudulent claiming of a client’s child on your federal income tax return while employed with [DHR] as a Financial Support Caseworker. This action is taken in accordance with the Rules of the State Personnel Board, Employee Work Rules; Rule 670-X-19-.01(l)(J) Participation in unauthorized activity; 670-X-19 — .01(3) Other Sufficient Reasons. You entered into an unethical, improper relationship with a client who receives services from our agency that resulted in a fraudulent act.
“On March 3, 200[5], it was reported to me that you had claimed a client’s child on your federal income tax return. The client had shared the information with the reporter. On March 7, 200[5], I met with the client at her home and she substantiated the report that I had received, admitting to me that she had entered into an agreement with you in which you would claim her child on your Federal Income Tax return for payment.”
On April 12, 2005, White attended the administrative hearing along with her counsel. White refused to answer any questions regarding whether she had claimed someone else’s child as a dependent on her federal income-tax return, asserting her Fifth Amendment right against self-incrimination to those questions.
The day after the administrative hearing, White received a third letter from Reed. In that third letter, Reed informed White that the hearing officer had determined that the evidence presented at the hearing warranted termination of White’s employment; Reed also notified White that her employment was terminated and *951 that she had a right to request a hearing before the State Personnel Board within 10 days.
Rather than seek a hearing before the State Personnel Board, on April 21, 2005, White initiated this action, petitioning the trial court for a common-law writ of certio-rari compelling Reed to reinstate her employment. In her petition, White alleged that she was entitled to the requested writ because, she said, (1) Ala.Code 1975, § 36-26-28, had been applied in such a manner as to deny her due process, (2) no evidence had been presented to support the act of the hearing officer and the hearing officer’s findings were contrary to the undisputed facts, (3) the decision to terminate her employment was clearly erroneous and was an abuse of discretion, (4) the decision to terminate her employment was arbitrary, capricious, and in bad faith, and (5) DHR had failed to carry its burden of proof.
On June 1, 2005, Reed moved to dismiss White’s petition. In his motion, Reed asserted that White had failed to timely appeal the decision to terminate her employment to the State Personnel Board and that, as a result, she had failed to exhaust her administrative remedies as required by Ala.Code 1975, § 41-22-20(a). White opposed that motion, asserting that she had been suspended without pay and without the benefit of a prior hearing. She alleged that such a suspension without pay was unconstitutional and was an act subject to correction by a common-law writ of certiorari.
On July 28, 2006, Reed moved the trial court for a summary judgment in his favor. Reed asserted that White had not been suspended from her position with DHR but, rather, had been placed on mandatory annual leave with pay until April 12, 2005, when her employment had been terminated. On September 5, 2006, White opposed Reed’s summary-judgment motion, again stating that her suspension without pay and without a hearing supported the issuance of the requested writ. On May 9, 2007, the trial court denied Reed’s motion to dismiss and his motion for a summary judgment and set the matter for trial.
After a bench trial, at which ore tenus evidence was received, the trial court entered a judgment in which it stated, in pertinent part:
“1. [White] was suspended on March 16, 2005, without pay.
[[Image here]]
“5. The court conducted a trial and has considered the evidence.
“6. The Court has had an opportunity to observe and listen to the witnesses.
“7. The Court does not accept the testimony from [Reed’s witness] as credible or reliable.
“8. The Court does not accept the evidence as supportive of [Reed’s] decision.
“9. The evidence is not of the character and degree to validate [Reed’s] decision.
“THEREFORE, IT IS ORDERED that the decision by [Reed] is set aside and voided and [White] is reinstated with pay.”
Reed, in his capacity as director of DHR, timely appealed.

Analysis

Reed argues that the trial court erred in asserting jurisdiction over the petition for a common-law writ of certiorari. Reed argues that a common-law writ of certiorari may issue only when a statutory right to certiorari review or to an appeal is not available. See Ex parte Worley, 46 So.3d 916 (Ala.2010). Reed points out that Ala.Code 1975, § 36-26-27, provides that a state employee whose employment has been terminated may appeal that decision to the State Personnel Board. See also *952 Ala. Admin. Code (Personnel Board), Rule 670-X-18-.01. Because White had a right to such an appeal, a right which she indisputably did not pursue, Reed asserts that White could not maintain a petition for a common-law writ of certiorari.
We agree. In Worley, supra, an employee of the office of the secretary of state resigned her employment. That employee later claimed that her resignation had been coerced and that she had been constructively terminated. She filed an appeal to the State Personnel Board, which ultimately concluded that it lacked jurisdiction because the law does not provide a state employee a right to appeal from a voluntary resignation. The employee thereafter appealed the decision of the State Personnel Board and simultaneously filed a petition in the Montgomery Circuit Court for a common-law writ of certiorari seeking a judicial review of her allegedly unlawful dismissal. 46 So.3d at 920. The Montgomery Circuit Court denied a motion to dismiss the petition, prompting the respondents to file a petition for a writ of mandamus with our supreme court. In granting that petition, our supreme court stated, in pertinent part:
“Although a party seeking review of a ruling by an administrative agency may petition the court for a common-law writ of certiorari, this means of review is allowable only when no statutory right of appeal or statutory certiorari review is available. Collins v. Alabama Dep’t of Corr., 982 So.2d 1078, 1080 (Ala.2007). Section 41-22-20, Ala.Code 1975, however, explicitly provides both a statutory vehicle for obtaining judicial review and a definition of the required process. This statutory process, by its existence, forecloses review by way of a petition for a common-law writ of certiorari.”
46 So.3d at 921-22. Finding that the employee was not invoking the appellate mechanism available to her, but was attempting to circumvent that procedure by directly obtaining judicial review via a petition for a common-law writ of certiorari, the supreme court held that the petition was due to be dismissed. 46 So.3d at 923-24.
Our supreme court’s decision in Worley effectively precluded the trial court from assuming jurisdiction over White’s petition for a common-law writ of certiorari insofar as it sought judicial review of the decision to terminate White’s employment. Because § 36-26-27 provided White a statutory right to appeal that decision, she could not circumvent that procedure by filing a petition for a common-law writ of certiorari. The trial court therefore lacked subject-matter jurisdiction to entertain the petition. See Ex parte Connors, 855 So.2d 486, 489 (Ala.2003). The trial court thus erred in failing to dismiss that portion of the petition seeking review of the decision to terminate White’s employment, and its judgment purporting to overturn that decision is void. See Vann v. Cook, 989 So.2d 556, 559 (Ala.Civ.App.2008).
In her petition, White also sought judicial review of the decision to place her on mandatory leave pending the administrative hearing. In her petition, White asserted that Reed effectively involuntarily suspended her without pay but did so without following the notice requirements set out in Ala.Code 1975, § 36-26-28, thereby unconstitutionally depriving her of due process in relation to her suspension.[1] In *953 its judgment, the trial court found that White had been suspended without pay as of March 16, 2005, and that she was entitled to full reinstatement with back pay. We interpret the judgment as voiding the suspension of White’s employment and restoring any annual leave used to pay White during the period between March 16, 2005, and the date of the termination of her employment on April 13, 2005.
In his initial appellate brief, Reed does not argue that the petition for a common-law writ of certiorari should have been dismissed because White had a statutory right to appeal her suspension. In fact, Reed makes no argument whatsoever regarding that aspect of the judgment addressing the suspension of White’s employment. Ordinarily, this court would have no choice but to affirm that aspect of the judgment. See Bettis v. Thornton, 662 So.2d 256, 257 (Ala.1995) (stating that when an appellant fails to argue the propriety of an aspect of the judgment, the issue is not before the appellate court). However, this court has an imperative duty to ascertain whether a lower court had the necessary subject-matter jurisdiction to enter the judgment from which the appeal was taken. Connors, supra.
Section 36 — 26—28(b) specifically provides an employee of a state agency who has been suspended without pay a right to appeal that suspension.[2] Assuming that White had been suspended without pay, which we do not decide, White could have asserted any procedural or substantive due-process violations relating to her suspension through such an appeal. Hence, for the same reasons as those set out above regarding the termination issue, the trial court did not have subject-matter jurisdiction over that aspect of the petition seeking judicial review of the manner in which White was suspended. Therefore, its judgment in that respect is also void.
A void judgment will not support an appeal; an appellate court must dismiss an attempted appeal from such a void judgment. Hunt Transition & Inaugural Fund, Inc. v. Grenier, 782 So.2d 270, 274 (Ala.2000). Reed’s appeal is thus dismissed, albeit with instructions to the trial court to vacate its void judgment.
APPEAL DISMISSED WITH INSTRUCTIONS.
PITTMAN, BRYAN, and THOMAS, JJ., concur.
THOMPSON, P.J., concurs in the result, without -writing.

. Alabama Code 1975, § 36-26-28, provides, in pertinent part:
"(a) An appointing authority may, from time to time, peremptorily suspend any employee without pay or other compensation *953 as punishment for improper behavior.... The suspension with loss of pay may be effected only by service upon the employee by the appointing authority of written charges setting out clearly the delinquency for which the suspension was made, a copy of which must at the same time be mailed or delivered to the State Personnel Director, and a written notice of the right to appeal the suspension as provided in subsection (b). The suspended employee shall have the right to file with the appointing authority a written answer or explanation of the charges.”

. Section 36 — 26—28(b)(1) provides:
"The suspended employee may within 10 days after notice pursuant to this section file a written notice of appeal from the suspension. If the suspended employee gives notice of appeal from the suspension, the appointing authority shall have the discretion of whether to stay the suspension pending the disposition of the appeal or proceed with the suspension and provide the employee with a post-suspension review subject to the time frames prescribed herein.”