ROBERTSON, Presiding Judge.
This petition for a writ of mandamus seeks to have the trial court reinstate a default judgment of divorce.
Ginger Moore (wife) filed a complaint for divorce on October 23, 1990, and the trial court entered a default judgment against Rayburn Moore (husband) on January 3, 1991. On January 23, 1991, the husband filed a motion to set aside the default judgment which he characterized as a Rule 60(b) motion. This motion was ultimately granted by the trial court on August 20, 1991. On January 28, 1992, the wife filed this petition for a writ of mandamus for this court to direct the trial court to reinstate the default judgment.
In order for this court to grant a writ of mandamus in this case, the wife must show that the trial court was bound by law to reinstate the default judgment entered on January 3, 1991. Ex parte Phillips, 578 So.2d 1371 (Ala.Civ.App.1991). This, she has failed to do. This court must observe the well-established principle that granting litigants the right to a trial on the merits is a paramount consideration in cases dealing with default judgments. Hannah v. Blackwell, 567 So.2d 1276 (Ala.1990). We further note that a writ of mandamus is not a substitute for an appeal and will not lie where there was a remedy by appeal. Ex parte Brooks, 572 So.2d 409 (Ala.1990),
WRIT DENIED.
THIGPEN and RUSSELL, JJ., concur.