BASCHAB, Judge.
The appellant, John Kim, was convicted, in the Jefferson District Court, of harassment. The district court sentenced him to serve 90 days at hard labor in the county jail, but suspended the sentence and placed him on probation for 24 months. He appealed to the Jefferson Circuit Court for a trial de novo. On December 8, 1999, when the circuit court called his case for trial, the appellant did not appear. Therefore, the circuit court dismissed his appeal. On December 9, 1999, the appellant filed a motion to reinstate his appeal, which the circuit court denied. This appeal followed.
The appellant argues that the circuit court erred in denying his motion to reinstate his appeal. Section 12-12-70(e), Ala. Code 1975, provides:
“The circuit court shall, upon failure of the appellant to appear in court when the case is called for trial, unless good cause for such default is shown, enter an order dismissing the appeal and enter judgment of default on any appearance bond given in connection therewith in accordance with the procedures set out in Title 15, Article 5, Chapter 13. On motion of the defendant for good cause shown, the circuit court may, within 30 days of the date of the order of dismissal, set it aside and reinstate the appeal on such terms as the court may prescribe.”
Rule 30.5, Ala. R.Crim. P., provides:
“Where appellant, without sufficient excuse, does not appear for trial de novo when called for trial, the court may dismiss the appeal, order the bond forfeited, and remand the case to the court appealed from for enforcement of the lower court judgment; provided, however, that on motion of the appellant for good cause shown, the circuit court may, within thirty (30) days of the date of the order of dismissal, set the order of dismissal aside and reinstate the appeal on such terms as the circuit court may prescribe.”
The appellant’s case was set for docket call in the circuit court on December 6, 1999, at 9:00 a.m. Although the appellant was present, defense counsel was not because of a conflict in her schedule. However, counsel had previously informed the circuit court of this conflict. At 1:30 p.m., counsel arrived and informed the court that the defense was ready to proceed to trial. Based on a discussion between the circuit judge and an attorney in another case, defense counsel believed that the other case would be called for trial first, that that ease would begin at 12:00 p.m. on December 7, 1999, and that the case would take at least two days to try. The prosecutor told defense counsel that the appellant’s case was “in the pool.” When defense counsel asked the prosecutor if she would get notice ahead of time so that she could have all of her witnesses ready, he told her that she would.
*1116 On December 8, 1999, defense counsel was out of her office working on other cases. When she returned to her office at 4:15 p.m. and checked her voice mail, she learned that the prosecutor had left a message at 10:09 that morning. According to the message, the appellant’s case had been set for trial at 11:00 that morning. Defense counsel immediately called the prosecutor, and he told her that the case had been dismissed. The following day, defense counsel filed a motion to reinstate the appeal. In her motion to reinstate the appeal, defense counsel asserted the facts set forth above. She also stated that the appellant’s case was the first district court case that she had ever worked on. She added that she had believed that she would be given enough time to get her witnesses together and to make the trip from Bessemer to Birmingham. Finally, defense counsel stated that she was prepared to try the case.
The circuit court properly dismissed the appeal because the appellant did not appear for trial. See § 12-12-70(e), Ala. Code 1975; Rule 30.5, Ala. R.Crim. P. However, the appellant presented evidence that good cause existed as to why he did not appear for trial. Therefore, the circuit court improperly denied his motion to reinstate his appeal. See Ex parte Lawson, 578 So.2d 1052 (Ala.1991); Smelley v. State, 766 So.2d 983 (Ala.Crim.App.2000). Accordingly, we reverse the circuit court’s judgment and remand this case for the circuit court to set aside the dismissal and to reinstate the appellant’s de novo appeal.
REVERSED AND REMANDED.
LONG, P.J., and McMILLAN, COBB, and FRY, JJ., concur.