The appellant, Daniel Harris Dixon, appeals the dismissal of his de novo appeal to the Mobile Circuit Court. Dixon was convicted of violating municipal ordinance no. 39-1, by violating a "no-contact" order. (Ordinance no. 39-1 embraces § 30-5A-3(c)(1), Ala. Code 1975, part of what is commonly referred to as the Family Violence Protection Order Enforcement Act.) He was sentenced to 180 days in the city jail. Dixon then appealed the municipal court's ruling to the circuit court for a trial de novo. At the time that Dixon's case was called for trial, Dixon was not in the *Page 463 
courtroom, and an alias warrant was issued for his arrest. Dixon was subsequently arrested and his de novo appeal was reinstated. The City of Mobile then moved for a dismissal of the de novo appeal and to return for enforcement of the municipal court's judgment because Dixon had offered no reason for being absent from the courtroom at the time that his case was called for trial. The circuit court granted the City's motion; this appeal followed.
The question presented by this case is whether the circuit court's ruling dismissing the de novo appeal is appealable to this Court. The appellate jurisdiction of this Court is addressed in § 12-3-9, Ala. Code 1975. This section states:
 "The Court of Criminal Appeals shall have exclusive appellate jurisdiction of all misdemeanors, including the violation of town and city ordinances, habeas corpus and all felonies, including all post conviction writs in criminal cases."
Amend. No. 328, § 6.03(d), Ala. Const. 1901, specifically addresses the original jurisdiction of this court.
In Alabama, there is no constitutional right to appeal a conviction. That right is provided solely by statute in § 12-22-130, Ala. Code 1975. This statute states:
 "A person convicted of a criminal offense in the circuit court or other court from which an appeal lies directly to the Supreme Court or Court of Criminal Appeals may appeal from the judgment of conviction to the appropriate appellate court."
Amend. No. 328, § 6.03(a), Ala. Const. 1901, also provides that this Court may obtain appellate jurisdiction by a rule of court adopted by the Alabama Supreme Court. This provision states:
 "The court of criminal appeals shall consist of such number of judges as may be provided by law and shall exercise appellate jurisdiction under such terms and conditions as shall be provided by law and by rules of the supreme court."
As we stated in State v. Bibby, 47 Ala. App. 240, 243, 252 So.2d 662,664 (Ala.Crim.App. 1971):
 "[T]here is no inherent or inalienable right of appeal. Appeals . . . were unknown to the Common Law at the time of the migration of our forebears. Hence, it has become a familiar saw among legal writers to say that appeals are solely the creatures of statute."
"The right of appeal is wholly statutory and is authorized in criminal cases from a judgment of conviction." McCray v. State, 46 Ala. App. 588,589, 246 So.2d 475, 476 (Ala.Crim.App. 1971). "Appeals lie only from judgments of conviction, and then only on those counts upon which there is a finding of guilt." Thornton v. State, 390 So.2d 1093, 1096
(Ala.Crim.App. 1980). "An appeal cannot be taken from an order subsequent to the judgement of conviction unless authorized by statute." Harris v.State, 44 Ala. App. 632, 632, 218 So.2d 285, 286 (1969). All statutes that authorize appeals are to be strictly construed. See Wood v.Birmingham, 380 So.2d 394 (Ala.Crim.App. 1980).
Appeals from judgments entered in municipal courts are addressed in § 12-14-70, Ala. Code 1975. Section 12-14-70(c) states, in part:
 "(c) Defendant may appeal in a case within 14 days from the entry of judgment by filing notice of appeal and giving bond, with or without surety, approved by the court or the clerk in an amount not more than twice the amount of the fine and costs, as fixed by the court . . . ."
Section 12-14-70(f), further provides:
 "(f) Upon failure of an appellant to appear in the circuit court when the case *Page 464 
is called for trial, unless good cause for such default is shown, the court shall dismiss the appeal and upon the expiration of 30 days from such date, unless the dismissal is set aside, the circuit clerk shall return the file, with a copy of the order of dismissal, to the clerk of the court from which the appeal was taken and the judge of such court may enter judgment of default on the appeal bond by utilizing the procedures set forth in Section 15-13-81. The circuit court may, on motion of the defendant made within 30 days of the order of dismissal, set aside the dismissal and other orders and reinstate the appeal on such terms as the court may prescribe, for good cause shown by defendant."
Pursuant to this statute it is clear that an appellant can forfeit his or her right to a de novo appeal from municipal court by failing to appear when their case is called for trial. See also Rule 30.5, Ala.R.Crim.P.
We can find no statute or rule of court authorizing the appeal of a circuit court's dismissal of a de novo appeal and the return of the case to the lower court for enforcement of that court's judgment. This action is not an appeal from a final judgment of conviction entered in the circuit court but is instead an appeal from a ruling dismissing a de novo appeal from a judgment of conviction entered in a municipal court.
We realize that this Court has in the past treated these actions as appeals from the circuit court's failure to reinstate a de novo appeal. See Kim v. State, 770 So.2d 1114 (Ala.Crim.App. 2000), and Riddle v.State, 641 So.2d 1316 (Ala.Crim.App. 1994). However, both this Court and the Alabama Supreme Court have held that rulings like the one in this case are subject to review by way of a petition for a writ of mandamus filed pursuant to Rule 21, Ala.R.App.P. See Ex parte Weeks, 611 So.2d 259
(Ala. 1992),[1] and Ex parte Swoope, 724 So.2d 92 (Ala.Crim.App. 1998).[2] Because we can find no statute or rule of court authorizing an appeal to this Court from a circuit court's refusal to reinstate a de novo appeal, there is no right to appeal that ruling and we have no jurisdiction to consider this case.
For the reasons stated above, this appeal is due to be, and is hereby dismissed.
APPEAL DISMISSED.
McMILLAN, P.J., and COBB, SHAW, and WISE, JJ., concur.
BASCHAB, J., recuses herself.
[1] Although the Court in Weeks did not specifically address this issue, its grant of the mandamus petition was an implicit ruling that mandamus was the appropriate vehicle to review the issue. The Weeks court did note that the time for filing a notice of appeal had expired; however, a "writ of mandamus is not a substitute for an appeal and will not lie where there was a remedy by appeal." Ex parte Moore,601 So.2d 1059, 1059 (Ala.Civ.App. 1992).
[2] In Swoope this Court relied on Ex parte Lawson, 578 So.2d 1052
(Ala. 1991), in order to consider the matter by way of a mandamus petition. However, our reliance on that case was misplaced. The Supreme Court in Lawson ultimately decided to dismiss the mandamus petition and treat the action as a certiorari petition because the same issue was involved in both the certiorari petition and the mandamus petition. *Page 1089