MOORE, Judge.
•The City of Montgomery (“the City”) purports to appeal from a judgment of the Montgomery Circuit Court (“the circuit court”) in favor of “Mark G. PC Montiel.” We dismiss the appeal for lack of appellate jurisdiction.

Background

On March 14, 2014, the City issued a “Notice of Violation” to “Mark G. PC Mon-tiel” [1] asserting that the operator of a vehicle owned by that entity had failed to stop af a red light, within the city limits of the Qity on March 6, 2014. After a hearing on May 23, 2014, the Montgomery Municipal Court (“the municipal court”) found “Mark G. PC Montiel” liable for the violation, , On that same date, Mark G. Montiel (“Mon-tiel”) filed a notice of appeal to the circuit court on behalf of “Mark G. PC Montiel.” The circuit court conducted a hearing and, on January 5, 2015, entered a judgment in favor of “Mark G. PC Montiel.” The City filed its notice of appeal to this court on February Í3, 2015.

*415
Issue

Mark G. Montiel, P.C. {see supra note 1), has filed a motion to dismiss the City’s appeal for lack of appellate jurisdiction. The question before the court is whether the City may appeal from the judgment of the circuit court.

Analysis

On February 6, 2007, the Montgomery City Council passed Ordinance No. 10-2007 (“the Ordinance”), which allows for automated photographic enforcement of traffic-control devices. Section 3.(b) of the Ordinance provides that the owner of a vehicle shall be liable for a civil penalty of $50 if the operator of that vehicle proceeds into an intersection under a red light. Under § 5,(a) of the Ordinance, a person notified of a violation may contest the imposition of the civil penalty by requesting an administrative hearing before an officer appointed by the mayor of the City. A person found liable, following such an administrative hearing may appeal to the circuit court for a de novo hearing pursuant to § 5.(i) of the Ordinance.
On May 22, 2009, the Alabama Legislature enacted the Montgomery Red Light Safety Act (“the Act”), Act No. 2009-740, Ala. Acts 2009, a local act applicable only to the City, § 4.(a) of which “ratified and validated” the Ordinance “ab initio.” Section 4.(a) of the Act provides for a civil penalty not to exceed $100 for a violation. Section 6.(b) of the Act provides a person who has received, notice of a violation with the right to an adjudicative, as opposed to an administrative, hearing to contest the imposition of the civil penalty. Section 7.(c) of the Act provides to a person adjudicated liable for the civil penalty by the municipal court a right to appeal to the circuit court for a de novo hearing.
The notice of violation issued to “Mark G. PC Montiel” asserted a violation of both the Ordinance and the Act. However, the record shows that a hearing contesting the imposition of the civil penalty was held before the municipal court, and not an administrative hearing officer appointed by the mayor of the City, indicating that the parties' proceeded, under the Act. The Act authorizes a de novo appeal to the circuit court, which Montiel prosecuted, but the Act, like the Ordinance, does not provide for any further appeals.
Section 12-14-70(a), Ala.Code 1975, provides that all appeals from judgments of municipal courts “shall be to the circuit court of the circuit in which the violation occurred for trial de novo.” Section 12-14-71, Ala.Code 1975, provides, impertinent part:
“From the judgment of the circuit court, the municipality, in a case holding invalid an ordinance, or the defendant in any case, may appeal to the court of criminal appeals in like manner ás in cases of appeals for convictions of violation of the criminal laws of the state.”
By the plain wording of. § 12-14-7.1, following an appeal de novo to -the circuit court from a judgment of a municipal court, a municipality can appeal further only if the circuit court has invalidated one of. its ordinances, and, in that case, the appeal would be to the Alabama Court of Criminal Appeals. Section 12-14-71 does not provide for appeals to this court in any case.
Professor Jerome Hoffman ‘has explained the controlling nature of § Í2-14-71: ‘
“A circuit court’s ‘general superintendence over all ... municipal courts’ stands generally between municipal court decisions and court of civil appeals review by appeal. . No authority has been found that confers generally upon the court of civil appeals immediate ju *416 risdiction by appeal over decisions by municipal courts. .,.
[[Image here]]
“... Under Alabama Code [1975,] section 12 — 14—1(b), Alabama municipal courts have ‘jurisdiction of all prosecutions for the breach of the ordinances of the municipality within its police jurisdiction.’ Under Alabama Code [1975,] section 12-14-1 (c), they have ‘concurrent jurisdiction with the district court of all acts constituting violations of state law committed within the police jurisdiction of the municipality which may be prosecuted as breaches of municipal ordinances.’ Thus, the provision of Alabama Code [1975,] section 12 — 11—30(3)[,] authorizing a circuit court’s appellate jurisdiction of ‘prosecutions for ordinance violations in municipal courts’ seems to cover all cases over which municipal courts have jurisdiction, except those, if any, ‘in which direct appeal to the courts of civil or criminal appeals is provided by law or rule.’ Moreover, Alabama Code [1975,] section 12 — 14—70[,] provides that ‘[a]ll appeals from judgments of municipal courts shall be to the circuit court.’ Additionally, one should note that Alabama Code [1975,] section 12-14-71 [,] routes all appeals from circuit court decisions reviewing municipal court decisions to the Alabama Court of Criminal Appeals.
«
“Research has revealed no statute providing for direct appeal of judgments specifically, or final decisions generally, from municipal courts to the Alabama Court of Civil Appeals. This seems to leave no room for appeals from municipal courts directly to the court of civil appeals. Standard searches have revealed no case in which the Alabama Court of Civil Appeals has entertained an appeal directly from a decision of a municipal court or indirectly from a circuit court decision reviewing a municipal court decision.”
Jerome A. Hoffman, Alabama Appellate Courts: Jurisdiction in Civil Cases, 46 Ala. L.Rev. 843, 964-66 (Spring 1995) (footnotes omitted).
We recognize that Ala.Code 1975, § 12-3-10, generally grants this court exclusive appellate jurisdiction of all civil cases in which the amount involved, exclusive of interest and costs, does not exceed $50,000. However, we conclude that § 12-14-71 is the specific-statute governing appeals from circuit-court appeals from municipal courts. Therefore, its provision limiting appeals filed by a municipality controls over the general provisions of § 12-3-10. See SC Realty, Inc. v. Jefferson Cnty. Tax Assessor, 638 So.2d 1343, 1345 (Ala.Civ.App.1993) (“It should be understood that the statutory scheme governing the appeal of a certain type of case should control.”). We also recognize that § 12-3-10 grants this court exclusive appellate jurisdiction over appeals from most administrative agencies; however, the parties did not proceed administratively under the Ordinance, and neither the municipal court nor the circuit court are “administrative agencies” within the meaning of § 12-3-10.[2] Thus, the operative jurisdictional statute remains § 12-14-71.
Because, in the present case, the circuit court did not hold a municipal ordi *417 nance invalid, pursuant to § 12-14-71 the City did not have the right to appeal to any appellate court from the circuit court’s judgment. Hence, we conclude that the present appeal has been “taken without statutory authority.” Island Bay Utils., Inc. v. Alabama Dep’t of Envtl. Mgmt., 587 So.2d 1210, 1212 (Ala.Civ.App.1991). “[A]n appeal taken without statutory authority must be dismissed for want of .jurisdiction.” Id. Accordingly, we dismiss the appeal.
APPEAL DISMISSED.
PITTMAN, THOMAS, and DONALDSON, JJ., concur.
THOMPSON, P. J., concurs in the result, without writing.

. The record indicatés that Mark, G, Montiel, an'attorney, formed a professional corporation, “Mark G, Montiel, P.C.,” which- owned the vehicle in question. The notice erroneously designated the owner as "Mark G. PC Montiel."

. Section 12-14-50, Ala.Code 1975, allows for the creation of a municipal-court administrative agency "empowered to provide expeditious service in connection with administrative adjudication of ordinance violations, the - handling of uniform traffic tickets and complaints, the issuance of arrest warrants and other powers.provided by law”; however, the record indicates that the hearing was held before the municipal court, not a separate ’municipal-court administrative agency.