Rel: March 24, 2023

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# Alabama Court of Criminal Appeals

## OCTOBER TERM, 2022-2023

_____

## CR-2022-0505

_____

## Town of Brookside

## v.

## Michael Christopher Rowser

## Appeal from Jefferson Circuit Court
### (CC-21-2246, CC-21-2248, CC-21-2249, and CC-21-2250)

_____

## CR-2022-0506

_____

## Town of Brookside

## v.

## Nathaniel Neay

## Appeal from Jefferson Circuit Court
### (CC-21-2251, CC-21-2252, CC-21-2253, CC-21-2254, CC-21-2255, and CC-21-2256)

_____

**CR-2022-0507**
_____

**Town of Brookside**

**v.**

**Alexus Young**

**Appeal from Jefferson Circuit Court**
**(CC-21-2779, CC-21-2780, and CC-21-2781)**

_____

**CR-2022-0508**
_____

**Town of Brookside**

**v.**

**Melissa Jo Leith**

**Appeal from Jefferson Circuit Court**
**(CC-21-680)**
_____

**CR-2022-0509**
_____

**Town of Brookside**

**v.**

**Sandra Crawford Martin**

2

**Appeal from Jefferson Circuit Court
(CC-21-2788, CC-21-2789,
CC-21-2790, and CC-21-2791)**

_____

**CR-2022-0824**

_____

**Town of Brookside**

**v.**

**Gregory Bernard Jones**

**Appeal from Jefferson Circuit Court
(CC-21-1165, CC-21-1166, CC-22-1167,
CC-22-1168, CC-22-1169, and CC-22-1170)**

MINOR, Judge.

We have consolidated these six appeals to address in one opinion the following issue: Whether the Jefferson Circuit Court erred in dismissing charges based solely on its determination before trial that the prosecution's witnesses were not credible. Although a circuit court has the authority to make credibility determinations under certain circumstances, it lacks the authority to dismiss charges pretrial based solely on its determination that the prosecution's witnesses are not credible. Thus, we hold that the circuit court erred, and we reverse its judgments.

3

CR-2022-0505, CR-2022-0506, CR-2022-0507, CR-2022-0508, CR-2022-0509, and CR-2022-0824

## FACTS AND PROCEDURAL HISTORY

In separate cases, the Town of Brookside ("the Town") charged Michael Christopher Rowser, Nathaniel Neay, Alexus Young, Melissa Jo Leith, Sandra Crawford Martin, and Gregory Bernard Jones ("the defendants") with violations of Brookside municipal ordinances.[1] The

---

[1]The Town charged Rowser with unlawful possession of a firearm, see § 13A-11-72, Ala. Code 1975 (CC-21-2246); driving under the influence of a controlled substance (marijuana), see § 32-5A-191(a)(3), Ala. Code 1975 (CC-21-2248); unlawful possession of drug paraphernalia, see § 13A-12-260, Ala. Code 1975 (CC-21-2249); and criminal trespass by motor vehicle, see § 13A-7-4.1, Ala. Code 1975 (CC-21-2250).

The Town charged Neay with reckless driving, see § 32-5A-190, Ala. Code 1975 (CC-21-2251); driving under the influence, see § 32-5A-191(a)(5), Ala. Code 1975 (CC-21-2252); driving with a suspended license, see § 32-6-19, Ala. Code 1975 (CC-21-2253); attempting to elude a law-enforcement officer, see § 13A-10-52, Ala. Code 1975 (CC-21-2254); resisting arrest, see § 13A-10-41, Ala. Code 1975 (CC-21-2255); and operating a vehicle without liability insurance, see § 32-7A-16, Ala. Code 1975 (CC-21-2256).

The Town charged Young with unlawful possession of drug paraphernalia, see § 13A-12-260, Ala. Code 1975 (CC-21-2779); failure to stop at a stop sign, see § 32-5A-112(b), Ala. Code 1975 (CC-21-2780); and driving under the influence, see § 32-5A-191(a)(5), Ala. Code 1975 (CC-21-2781).

The Town charged Leith with driving under the influence of a controlled substance (alcohol), see § 32-5A-191(a)(2), Ala. Code 1975 (CC-21-0680).

4

municipal court found the defendants guilty as charged, and the defendants each appealed to the Jefferson Circuit Court for trials de novo on their respective charges.

In the circuit court, Rowser moved to dismiss the charges against him, asserting "that the charges … were frivolous and 'trumped up.'" His motion cited "recent allegations against the [Town's] systemic arrest patterns by former and current officers of the [Brookside Police] Department such as adding additional charges on citizens without probable cause, officers abusing their power and authority during stops by not allowing citizens to show proof of things such as car insurance documents or permits for guns." (Record in CR-2022-0505, C. 67.) The

The Town charged Martin with obstructing government operations, see § 13A-10-2, Ala. Code 1975 (CC-21-2788); failure to display insurance, see § 32-7A-16(b)(1), Ala. Code 1975 (CC-21-2789); resisting arrest, see § 13A-10-41, Ala. Code 1975 (CC-21-2790); and disorderly conduct, see § 13A-11-7, Ala. Code 1975 (CC-21-2791).

The Town charged Jones with second-degree unlawful possession of marijuana, see § 13A-12-214, Ala. Code 1975 (CC-21-1165); unlawful possession of drug paraphernalia, see § 13A-12-260, Ala. Code 1975 (CC-21-1166); unlawful possession of a firearm, see § 13A-11-72(a), Ala. Code 1975 (CC-22-1167); failure to stop at a stop sign, see § 32-5A-112(b), Ala. Code 1975 (CC-22-1168); failure to display insurance, see § 32-7A-16(b)(1), Ala. Code 1975 (CC-22-1169); and driving under the influence of a controlled substance, see § 32-5A-191(a)(2), Ala. Code 1975 (CC-22-1170).

5

Town objected to the motion, asserting that Rowser could not, under Rule 13.5(c)(1), Ala. R. Crim. P., challenge the sufficiency of the evidence in a pretrial motion. (Record in CR-2022-505, C. 70.) The Town also asserted that the motion depended only on "media allegations and community rumors." (Id.) None of the other defendants moved to dismiss the charges in the circuit court.[2]

The circuit court set pretrial hearings in the defendants' cases.[3] After the pretrial hearings, the circuit court dismissed the charges against the defendants, entering this identical order for each defendant:

> "Due to the lack of credibility and public trust of the Brookside Police Department under previous police leadership, all cases where the <u>sole witness</u> to the offense is a Brookside Police Officer will be met with heavy scrutiny by this Court.
>
> "The only witness to the above-referenced case is a Brookside Police Officer.

---

[2]Martin moved to dismiss the cases against her in the municipal court, asserting that the complaint was insufficient and not sworn. Martin asserted in a supplemental motion that the Town had engaged in a "ruse of hiding the names of the complaining officers … to confuse arrested person and deter complaints." The municipal court denied the motion.

[3]The circuit court set a pretrial hearing for March 15, 2022, in the cases against defendants Rowser, Neay, Young, Leith, and Martin. The court set a pretrial hearing for June 21, 2022, in Jones's case.

CR-2022-0505, CR-2022-0506, CR-2022-0507, CR-2022-0508, CR-2022-0509, and CR-2022-0824

> "Therefore, the above-referenced case is hereby DISMISSED, with prejudice, by the court over the objection of the Brookside city prosecutor …"[4]

(Record in CR-2022-0505, C. 35; CR-2022-0506, C. 10; CR-2022-0507, C. 10; CR-2022-0508, C. 14; CR-2022-0509, C. 5; CR-22-0824, C. 10.)

The Town timely appealed. See Rule 15.7, Ala. R. Crim. P.

## DISCUSSION

## I.

Before turning to the merits, we address two procedural matters: (1) the defendants' motions to dismiss the Town's appeals and (2) which trial-court cases are before us.

## A. MOTIONS TO DISMISS THE APPEALS

All defendants except Jones have moved to dismiss the Town's appeals. The defendants assert in their motions to dismiss that this Court lacks jurisdiction because, they say, a municipality "may appeal only where the circuit court holds an ordinance invalid." They assert that

---

[4]The circuit court entered the order in Jones's case on June 21, 2022, the day of the pretrial hearing in his case. The court entered the dismissal orders on March 16, 2022, in the other cases, the day after holding the pretrial hearing in those case.

As noted below, the court entered one order for each defendant and listed in the order all the case numbers for that defendant.

7

no statute authorizes the Town to appeal a pretrial judgment dismissing a case. In support of that assertion, they rely on § 12-14-71, Ala. Code 1975, Rule 30.1(b), Ala. R. Crim. P., Dixon v. City of Mobile, 859 So. 2d 462 (Ala. Crim. App. 2003), and City of Montgomery v. Mark C. Montiel, P.C., 192 So. 3d 413 (Ala. Civ. App. 2015).

Section 12-14-71, Ala. Code 1975, states, in part: "From the judgment of the circuit court, the municipality, in a case holding invalid an ordinance … may appeal to the court of criminal appeals in like manner as in cases of appeals for convictions of violation of the criminal laws of the state."  Rule 30.1(b), Ala. R. Crim. P., similarly provides: "From a judgment of the municipal court holding an ordinance invalid, the municipality may appeal to the circuit court, without bond, within fourteen (14) days of the date of the judgment or the denial of a timely filed post-judgment motion."

In Dixon, supra, the Mobile municipal court entered a judgment finding Daniel Harris Dixon guilty of violating an ordinance and sentenced him to 180 days in jail.  Dixon appealed for a trial de novo in the circuit court, but when he failed to appear, the circuit court granted the City's motion to dismiss the appeal. Dixon then appealed to this

8

Court, but we held that the judgment dismissing the appeal was not appealable because there was "no statute or rule of court authorizing the appeal of a circuit court's dismissal of a de novo appeal and the return of the case to the lower court for enforcement of that court's judgment." 859 So. 2d at 464. We explained: "This action is not an appeal from a final judgment of conviction entered in the circuit court but is instead an appeal from a ruling dismissing a de novo appeal from a judgment of conviction entered in a municipal court." Id.

In City of Montgomery, supra, "the City issued a 'Notice of Violation' to 'Mark G. PC Montiel' asserting that the operator of a vehicle owned by that entity had failed to stop at a red light within the city limits of the City."[5] 192 So. 3d at 414. The Montgomery municipal court found Montiel liable for the violation. Montiel appealed to the circuit court, and, after a hearing, the circuit court entered a judgment in Montiel's favor. Id.

---

[5]In a footnote, the Court of Civil Appeals explained: "The record indicates that Mark G. Montiel, an attorney, formed a professional corporation, 'Mark G. Montiel, P.C.,' which owned the vehicle in question. The notice erroneously designated the owner as 'Mark. G. PC Montiel.'" 192 So. 3d at 414 n.1.

The City appealed the judgment to the Court of Civil Appeals.

Examining § 12-14-71, that court concluded:

"By the plain wording of § 12-14-71, following an appeal de novo to the circuit court from a judgment of a municipal court, a municipality can appeal further only if the circuit court has invalidated one of its ordinances, and, in that case, the appeal would be to the Alabama Court of Criminal Appeals. Section 12-14-71 does not provide for appeals to this court in any case."

192 So. 3d at 415. Finding no statutory basis for the City's appeal, the Court of Civil Appeals dismissed the appeal. Id. at 417.

Based on those authorities, the defendants argue that, because the circuit court did not invalidate an ordinance, no authority authorizes the Town's appeals. We disagree.

Rule 15.7(a), Ala. R. Crim. P., provides:

"In any case involving a felony, a misdemeanor, or a violation, an appeal may be taken by the state to the Court of Criminal Appeals from a pre-trial order of the circuit court (1) suppressing a confession or admission or other evidence, (2) dismissing an indictment, information, or complaint (or any part of an indictment, information, or complaint), or (3) quashing an arrest or search warrant. Such an appeal may be taken only if the prosecutor certifies to the Court of Criminal Appeals that the appeal is not brought for the purpose of delay and that the order, if not reversed on appeal, will be fatal to the prosecution of the charge. A municipality may appeal any pre-trial order entered by the circuit court on trial de novo of any municipal ordinance violation, in like manner."

10

(Emphasis added.) This rule authorizes the State to appeal a pretrial order of the circuit court "dismissing an indictment, information, or complaint" and authorizes a municipality to do the same "in like manner." Thus, given its plain meaning, the language of Rule 15.7(a), Ala. R. Crim. P., authorizes the Town's appeals from pretrial orders of the circuit court dismissing complaints.

The defendants argue, however, that the decisions in <u>Dixon</u> and <u>Montiel</u> restrict or supplant that part of Rule 15.7(a), Ala. R. Crim. P., which became effective in 1997, authorizing the Town's pretrial appeals. In the defendants' view, this Court may not read Rule 15.7(a) as expanding the appellate jurisdiction of this Court beyond what the legislature has given this Court by statute. They thus argue that the only "logical interpretation" of Rule 15.7(a) is that it merely authorizes a municipality to appeal a judgment invalidating an ordinance. These arguments are unavailing.

First, as noted above, the language of Rule 15.7(a) authorizes the Town's appeals. <u>See, e.g.</u>, <u>DeKalb Cnty. LP Gas Co. v. Suburban Gas, Inc.</u>, 729 So. 2d 270, 275 (Ala. 1998) ("'"[W]here plain language is used a

11

court is bound to interpret that language to mean exactly what it says"'" (quoting Blue Cross & Blue Shield v. Nielsen, 714 So. 2d 293, 296 (Ala. 1998), quoting in turn IMED Corp. v. Systems Eng'g Assocs. Corp., 602 So. 2d 344, 346 (Ala. 1992))).

Second, Dixon is distinguishable because it did not involve a pretrial appeal by a municipality. Thus, Rule 15.7 had no application.

Third, to the point that City of Montgomery suggests that only a statute and not a rule may authorize an appeal, that is incorrect. As this Court in Dixon recognized, a statute or a rule of court may authorize an appeal. Dixon, 859 So. 2d at 464 ("We can find no statute or rule of court authorizing the appeal ….").

Fourth, neither Dixon nor City of Montgomery could limit Rule 15.7 because, as intermediate appellate courts, neither this Court nor the Court of Civil Appeals may modify or abrogate a Rule of Procedure adopted by the Alabama Supreme Court—the Alabama Constitution gives that power only to the Alabama Supreme Court and the legislature. Art. VI, § 150, Ala. Const. 2022 ("The supreme court shall make and promulgate rules governing the administration of all courts and rules governing practice and procedure in all courts; provided, however, that

12

such rules shall not abridge, enlarge or modify the substantive right of any party nor affect the jurisdiction of circuit and district courts or venue of actions therein; and provided, further, that the right of trial by jury as at common law and declared by section 11 of the Constitution of Alabama 1901 shall be preserved to the parties inviolate. These rules may be changed by a general act of statewide application."). See also § 12-3-16, Ala. Code 1975 ("The decisions of the Supreme Court shall govern the holdings and decisions of the courts of appeals, and the decisions and proceedings of such courts of appeals shall be subject to the general superintendence and control of the Supreme Court as provided by Constitutional Amendment No. 328.").

Finally, the defendants are wrong in their assertion that reading Rule 15.7 to allow the Town's appeals is an improper "expansion" of this Court's appellate jurisdiction. Section 12-3-9, Ala. Code 1975, provides: "The Court of Criminal Appeals shall have exclusive appellate jurisdiction of all misdemeanors, including the violation of town and city ordinances, habeas corpus and all felonies, including all post conviction writs in criminal cases." And Article VI, § 141, of the Alabama Constitution of 2022, provides: "The court of criminal appeals … shall

exercise appellate jurisdiction under such terms and conditions as shall be provided by law <u>and by rules of the supreme court</u>." (Emphasis added.) Rule 15.7 does not expand this Court's appellate jurisdiction beyond what is authorized by § 12-3-9. Rather, Rule 15.7 merely allows a municipality to invoke this Court's appellate jurisdiction over certain pretrial rulings in cases over which this Court has exclusive appellate jurisdiction. Thus, Rule 15.7 is a valid exercise of the Alabama Supreme Court's constitutional rule-making authority.

The defendants' motions to dismiss lack merit, and we deny them.

## B. NOTICES OF APPEAL

We now turn to which cases are before us on appeal. In docketing these cases, this Court at first included only one circuit-court case number for some defendants because, for those defendants, the Town e-filed its notice of appeal and supporting documents under only one circuit-court case number pertaining to those defendants. For the reasons below, however, we conclude that all the charges that the circuit court dismissed are properly before us.

CR-2022-0505, CR-2022-0506, CR-2022-0507, CR-2022-0508, CR-2022-0509, and CR-2022-0824

With one exception, the circuit court dismissed multiple charges against each defendant.[6] The circuit court issued one order for each defendant and in each order listed the different case numbers for the charges it was dismissing.

Addressing the form and content of the notice of appeal, Rule 3(c), Ala. R. App. P, provides:

> "The notice of appeal shall specify all parties taking the appeal and each adverse party against whom the appeal is taken; shall designate the judgment, order, or part thereof appealed from; and shall name the court to which the appeal is taken. Such designation of judgment or order shall not, however, limit the scope of appellate review. An appellant may not use the terms 'et al.' or 'etc.' to designate multiple appellants or appellees in lieu of naming each appellant or appellee.
>
> "If the notice of appeal names the wrong appellate court to which the appeal is taken, such designation shall be treated as a clerical mistake and corrected accordingly. The necessary clerical steps shall be taken to docket the appeal and to file the record and briefs in the appropriate appellate court."

Rule 3(e), Ala. R. App. P., requires an appellant to submit with a notice of appeal "the appropriate 'Docketing Statement' (Form 24, 25, or 26)." Rule 3(e) states, however, that an "appellant's failure to file the docketing statement with the notice of appeal shall not affect the validity

---

[6]The circuit court dismissed only one charge against Leith.

15

of the notice of appeal." And "[i]f the notice of appeal is tendered to the clerk of the trial court without a properly completed docketing statement," Rule 3(e) requires the trial-court clerk to notify the appellant of the requirements of Rule 3 to give the appellant a chance to correct the deficiency.

As for how to file the notice of appeal, Rule 3(a)(2), Ala. R. App. P., provides:

> "In criminal cases, an appeal permitted by law as a matter of right to an appellate court shall be taken by filing a written notice of appeal with the clerk of the trial court within the time allowed by Rule 4, or by the defendant's giving an oral notice of appeal at the time of sentencing, which oral notice shall be noted of record; provided, that a pre-trial appeal by the State shall be taken by filing a written notice of appeal in the manner, and within the time, specified by the rule of criminal procedure providing for such appeals. The notice of appeal may be filed electronically with the trial court clerk through the trial court's electronic-filing system. On the date the notice of appeal is filed, the clerk of the trial court shall serve copies of the notice of appeal on the persons specified by (d)(2) or (d)(3) of this rule."

(Emphasis added.) The provision for electronic filing of the notice of appeal was added by an amendment to Rule 3(a), effective October 1, 2019. The Committee Comment to that amendment states:

16

"[T]he amendment to Rule 3(a) allows an appellant to file the notice of appeal using the trial court's electronic-filing system within the time provided for filing a notice of appeal. …

"If the notice of appeal is filed electronically, under Rule 3(d)(3), the clerk of the trial court may serve the notice of appeal electronically on the appropriate appellate court, the parties registered in the trial court's electronic-filing system, and the court reporter. The amendment to Rule 3(e) requires an appellant who files the notice of appeal electronically to also file the docketing statement electronically simultaneously with the notice of appeal."

For each defendant, the Town prepared a written notice of appeal, a docketing statement (UJS Form ARAP-26), and a reporter's transcript order – criminal (UJS Form ARAP-1C) listing the defendant's name and all the circuit-court case numbers for the cases from which the Town was appealing. See Rule 3(e) and Rule 10(c), Ala. R. App. P. For defendants Rowser, Neay, Young, and Martin, however, the Town e-filed those documents under only one of the trial-court case numbers for each defendant.[7] For example, the Town e-filed the documents under only

---

[7]In Leith's case, the circuit court dismissed only one charge, and the Town e-filed its notice of appeal, docketing statement, and reporter's transcript request under that trial-court case number.

In the Town's appeal of the judgment dismissing the six cases against Jones, the Town e-filed identical notices of appeal in each of the six circuit court cases.

17

CR-2022-0505, CR-2022-0506, CR-2022-0507, CR-2022-0508, CR-2022-0509, and CR-2022-0824

case no. CC-2021-2246 for Rowser. Those documents listed all four cases numbers that the circuit court included in its order dismissing the charges against Rowser: CC-2021-2246; CC-2021-2248; CC-2021-2249; and CC-2021-2250. The Town e-filed similar documents in the appeals in the cases involving Neay, Young, and Martin.

This Court has not addressed whether, when a trial court enters a single judgment disposing of multiple trial-court cases, an appellant must e-file a separate notice of appeal under each trial-court case number. Rule 57, Ala. R. App. P., which addresses e-filing in the appellate courts, does not address this issue or state than an appellant must e-file a separate notice of appeal under each trial-court case number in consolidated or related cases.

The original Committee Comments to Rule 3, Ala. R. App. P., effective December 1, 1975, states: "[T]he intent of this rule is to provide a uniform and simplified method of taking an appeal, and it is contemplated that a single notice will be filed." That comment fits with (1) the designation in Rule 3(c) of the filing of a notice of appeal in the wrong appellate court as a clerical mistake and (2) the requirement that the respective clerk's office take the "necessary clerical steps" to correct

18

such an error and docket the appeal in the correct court. And those provisions align with (1) the instruction to appellate courts in Rule 1, Ala. R. App. P., to "construe[] [the Rules of Appellate Procedure] so as to assure the just, speedy, and inexpensive determination of every appellate proceeding on its merits" and (2) the power that Rule 2(b), Ala. R. App. P., gives to appellate courts to "suspend the requirements or provisions of any of these rules in a particular case" to "expedit[e] decision, or for other good cause shown."

In Hossley v. Hossley, 264 So. 3d 893, 897 (Ala. Civ. App. 2018), the Court of Civil Appeals examined a notice of appeal that included only one of the underlying circuit-court case numbers:

> "At the outset, we must determine from what action the former husband has actually appealed and whether he has appealed from a final judgment. '"Generally, an appeal will lie only from a final judgment, and if there is not a final judgment then this court is without jurisdiction to hear the appeal."' Moore v. Strickland, 54 So. 3d 906, 908 (Ala. Civ. App. 2010) (quoting Sexton v. Sexton, 42 So. 3d 1280, 1282 (Ala. Civ. App. 2010)). The record contains documents from only the .02 action, the former husband's docketing statement references only the .02 action, the former husband states on his notice of appeal that he appeals from the order denying his motion to set aside the default judgment, and his appellate brief references only the .02 action. An appellant's designation of a judgment or order on his notice of appeal does not limit the scope of appellate review, see Rule 3(a)(c), Ala. R. App. P.,

19

> and this court <u>may treat a notice of appeal that is filed in one consolidated case as being effective as to the other consolidated case when the intention to appeal the judgments in both cases is clear</u>, see <u>R.J.G. v. S.S.W.</u>, 42 So. 3d 747, 751 n.2 (Ala. Civ. App. 2009). Although the .02 action and the .03 action were consolidated, neither action was dismissed and 'each action retains its separate identity so as to require the entry of separate judgments.' <u>Casey v. Casey</u>, 109 So. 3d 199, 204 (Ala. Civ. App. 2012)."

(Emphasis added.) Looking to the .03 action, the Court of Civil Appeals held that the circuit court had not entered a final judgment in that case and that, because the circuit court had not entered a final judgment in both cases, the Court of Civil Appeals lacked jurisdiction over the .02 action. <u>Id.</u> at 897-98.

Here, the Town had the "intention to appeal" all cases that the circuit court had dismissed against each defendant. <u>See</u> <u>Hossley</u>, <u>supra</u>. The notice of appeal that the Town e-filed in Rowser's, Neay's, Young's, Leith's, and Martin's cases listed all circuit-court case numbers that the circuit court dismissed against those defendants. For each defendant, the Town also e-filed a docketing statement and a reporter's transcript order listing each defendant's name and all the circuit-court case numbers the Town was appealing. And the clerk's record on appeal includes documents for all the circuit-court case numbers listed on the notice of

20

appeal for each defendant. Finally, each defendant included in its materials to this Court all the circuit-court case numbers that the Town listed in its notices of appeal.

Although the better practice might be for an appellant who e-files a notice of appeal to e-file a notice under each trial-court case number that the appellant wants to appeal (as the Town did in Jones's case),[8] no rule of procedure prohibits what the Town did with some of the appeals in this case (i.e., e-filing the notice under only one of the circuit-court case numbers for each defendant), and we know of no authority requiring the Town to have e-filed a notice of appeal under each circuit-court case number. Based on the authorities above, we hold that, under the

_____

[8]In some circumstances, e-filing a notice under each circuit-court case number would be much more burdensome than (1) e-filing a single notice of appeal with multiple case numbers or (2) filing a written notice of appeal listing all case numbers.

Two recent appeals are illustrative. In <u>Wesson v. State</u>, [Ms. CR-18-0790, December 16, 2020] ___ So. 3d ___ (Ala. Crim. App. 2020), a jury convicted the defendant of 56 separate counts charged in a single case number. By contrast, in <u>Fulgham v. State</u> (No. CR-19-0237), 346 So. 3d 539 (Ala. Crim. App. 2020) (table), a jury convicted the defendant of 92 counts charged in 92 separate case numbers. The defendant in <u>Fulgham</u> filed a single, written notice of appeal with the circuit clerk listing the 92 separate case numbers. <u>Cf.</u> <u>Wadsworth v. State</u>, 507 So. 2d 572, 573 (Ala. Crim. App. 1987) ("This Court can take judicial notice of its own records.").

circumstances, all the cases that the circuit court dismissed are properly before us on appeal.

## II. THE CIRCUIT COURT'S PRETRIAL DISMISSAL OF THE CHARGES

The Town argues that the circuit court lacked authority to dismiss the charges against the defendants for the reasons it stated. The Town asserts that Rule 13.5, Ala. R. Crim. P., does not permit a trial court to dismiss charges based on pretrial findings about the credibility of witnesses or "unsubstantiated media conjecture and public clamor." (Town's brief in CR-20-0505, p. 9.) In response, some defendants raise procedural objections to the Town's appeals such as the objection we addressed in denying the defendant's motions to dismiss the Town's appeals. Rowser, who moved to dismiss the charges in the circuit court, also argues generally that his motion to dismiss stated sufficient reasons for the circuit court to dismiss the charges. We agree with the Town.

Rule 13.5(c)(1), Ala. R. Crim. P., provides: " A motion to dismiss the indictment may be based upon objections to the venire, the lack of legal qualifications of an individual grand juror, the legal insufficiency of the indictment, or the failure of the indictment to charge an offense." In State

22

CR-2022-0505, CR-2022-0506, CR-2022-0507, CR-2022-0508, CR-2022-0509, and CR-2022-0824

v. Starks, [Ms. CR-21-0048, May 6, 2022] ___ So. 3d ___ (Ala. Crim. App. 2022), this Court examined Rule 13.5(c)(1) and stated: "[T]here is no pretrial means to dismiss the charges against a defendant based on the insufficiency of the evidence." In footnote 2 of Starks, this Court acknowledged Ankrom v. State, 152 So. 3d 373 (Ala. Crim. App. 2011), in which this Court recognized that a trial court could address pretrial the limited question "whether the defendant's conduct could ever constitute a violation of the charged statutes." Starks, ___ So. 3d at ___ n.2. But unlike Ankrom, which involved a pretrial ruling on a "'pure question of law,'" the pretrial ruling in Starks was "based purely on a credibility determination" and thus was improper. Id. This Court in Starks reiterated that a circuit court lacks authority under Rule 13.5(c)(1) to dismiss the charges against a defendant pretrial based on an alleged insufficiency of the evidence or "based purely on a credibility determination." ___ So. 3d at ___ & n.2.

The circuit court here dismissed the charges pretrial "based purely on a credibility determination." What's more, in all but Rowser's cases, the circuit court dismissed the charges without a motion from the defendants. The prosecution objected to the dismissals, arguing that

23

they were improper and that they were based on "media and public clamor."[9] Under <u>Starks</u> and the authorities cited there, <u>see, e.g.</u>, <u>State v. Foster</u>, 935 So. 2d 1216 (Ala. Crim. App. 2005), <u>State v. McClain</u>, 911 So. 2d 54 (Ala. Crim. App. 2005), <u>State v. Edwards</u>, 590 So. 2d 379 (Ala. Crim. App. 1991), the circuit court erred in dismissing the charges against the defendants based on a pretrial determination of credibility, and we must reverse its judgments.

---

[9]In <u>Ex parte Worley</u>, 102 So. 3d 428 (Ala. 2010), the Supreme Court recognized one exception to the rule that a trial court may not dismiss a charge pretrial based on a lack of evidence or a credibility determination—if the prosecution invites the error. The prosecution in <u>Worley</u> invited the error because it did not argue that the defendant's motion challenging the sufficiency of the evidence was premature.

Here, as the circuit court's uniform dismissal order stated, the dismissal was "over the objection of the Brookside city prosecutor." As noted, the circuit court acted sua sponte in dismissing the charges against all defendants except Rowser, who moved to dismiss the charges against him. The Town in Rowser's case objected to his motion in writing, asserting that Rowser's motion challenging the sufficiency of the evidence was improper under Rule 13.5(c)(1), Ala. R. Crim. P., and that the motion depended only on "media allegations and community rumors." (Record in CR-2022-505, C. 70.)

We question whether the exception in <u>Worley</u> could apply to the prosecution when a court acts sua sponte in dismissing charges before trial. Even so, nothing suggests that the prosecution invited the error, and thus the <u>Worley</u> exception does not apply.

CR-2022-0505, CR-2022-0506, CR-2022-0507, CR-2022-0508, CR-2022-0509, and CR-2022-0824

CONCLUSION

We reverse the circuit court's judgments dismissing the charges, and we instruct the circuit court to restore the defendants' cases to its active docket.

CR-2022-0505—REVERSED AND REMANDED.

CR-2022-0506—REVERSED AND REMANDED.

CR-2022-0507—REVERSED AND REMANDED.

CR-2022-0508—REVERSED AND REMANDED.

CR-2022-0509—REVERSED AND REMANDED.

CR-2022-0824—REVERSED AND REMANDED.

Windom, P.J., and Kellum, McCool, and Cole, JJ., concur.